ROBERT E. PEOPLES, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER, SELF INSURER, DEFENDANT

No. 8610IC1323

(Filed 16 June 1987)

**Master and Servant § 78— workers' compensation—initial award in 1980—no interest**

The Industrial Commission correctly concluded in a workers' compensation case that an initial award entered on 14 January 1980 was controlling in the application of N.C.G.S. § 97-86.2 and that plaintiff was not entitled to interest on the award.

APPEAL by plaintiff from the North Carolina Industrial Commission. Order entered 25 July 1986. Heard in the Court of Appeals 13 May 1987.

On 14 January 1980, Deputy Commissioner Dianne Sellers entered an Opinion and Award finding that plaintiff had contracted byssinosis as a result of exposure to cotton dust at defendant Cone Mills. She further concluded that plaintiff had sustained a 66⅔% permanent partial disability. Both parties appealed to the Full Commission.

On 28 October 1982, the Full Commission adopted most of the Deputy Commissioner's Findings of Fact but vacated and set aside the remainder of the Opinion and Award. The Full Commission's Opinion and Award concluded that plaintiff is totally and permanently disabled as a result of byssinosis.

Defendant appealed to this Court, which affirmed the Commission's decision with respect to plaintiff's total and permanent disability. *Peoples v. Cone Mills Corp.*, 69 N.C. App. 263, 317 S.E. 2d 120 (1984). Our Supreme Court granted defendant's petition for discretionary review and modified and affirmed this Court's decision. *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 342 S.E. 2d 798 (1986).

Thereafter, on 8 July 1986, plaintiff moved for attorneys' fees, costs and interest pursuant to G.S. 97-88 and G.S. 97-86.2. The Commission allowed plaintiff's motion for attorneys' fees but denied the motion for interest stating:

> G.S. 97-86.2 did not become effective until its ratification on 23 April 1981. The initial award in the case was filed on 14 January 1980. Therefore, the Commission holds that the plaintiff is not entitled to interest on the award since the date of the initial award is controlling in the application of G.S. 97-86.2.

From the Order of the Industrial Commission, plaintiff appeals.

*Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell, by John R. Wallace, for plaintiff appellant.*

*Smith, Helms, Mulliss & Moore, by J. Donald Cowan, Jr. and Caroline H. Wyatt, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the Industrial Commission erred in holding that he is not entitled to interest on his award. We are not persuaded by plaintiff's argument.

As initially adopted in 1981, G.S. 97-86.2 read:

> When, in a worker's compensation case, a hearing or hearings have been held and an award made pursuant thereto, if there is an appeal from that award by the employer or carrier which results in the affirmance of that award or any part thereof which remains unpaid pending appeal, the insurance carrier or employer shall pay interest on the final award from the date the initial award was filed at the Industrial Commission until paid at the legal rate of interest provided in G.S. 24-1. If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant.

1981 N.C. Sess. Laws, ch. 242, s. 1.

Section 2 to Chapter 242 of the 1981 Session Laws made the above section effective upon ratification and applicable to awards made on or after that date. The Act was ratified on 23 April 1981.

The General Assembly amended G.S. 97-86.2 in 1985, rewriting the first sentence to provide as follows:

> In any worker's compensation case in which an order is issued either granting or denying an award to the employee and where there is an appeal resulting in an ultimate award to the employee, the insurance carrier or employer shall pay interest on the final award or unpaid portion thereof from the date of the original order, which granted or denied the award, until paid at the legal rate of interest provided in G.S. 24-1.

G.S. 97-86.2.

The Industrial Commission was correct in concluding that the initial award entered on 14 January 1980 by Deputy Commissioner Sellers is controlling in the application of G.S. 97-86.2. *Cf. Hicks v. Brown Shoe Co.*, 64 N.C. App. 144, 306 S.E. 2d 543 (1983), *disc. rev. denied*, 311 N.C. 304, 317 S.E. 2d 680 (1984). The award

was entered prior to the effective date of G.S. 97-86.2. Therefore, plaintiff is not entitled to interest on the award.

The Order of the Industrial Commission is

Affirmed.

Judges WELLS and ORR concur.