Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon by the parties in the Pretrial Agreement and at the hearing as:
STIPULATIONS
1. It is stipulated that all parties are properly before the N.C. Industrial Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. On March 4, 1993, the time of plaintiff's injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On March 4, 1993, an employment relationship existed between the plaintiff and the defendant-employer.
4. The defendant-employer was insured, and American Motorists Insurance Company was the compensation carrier on the risk.
5. It is stipulated by the defendant that the issues for trial are:
 a. Whether the claimant's present medical condition is the result of an injurious exposure to the hazards of carpal tunnel syndrome while employed with those subsequent employers?
 b. Whether there has been an N.C. Gen. Stat. § 97-47
change of condition?
 c. Whether the change of condition claim is barred by the two year statute of limitations?
6. It is stipulated by the plaintiff that the issues for trial are:
 a. Whether the claimant was injured by accident arising from and during the course and scope of her employment with the defendant on or about March 4, 1993?
 b. Whether the claimant is entitled to temporary total disability workers' compensation from March 4, 1993, and continuing until claimant reaches maximum medical improvement as the result of injury by accident which occurred during the course and scope of her employment with the defendant and, if so, how much?
 c. Whether the claimant sustained any permanent injury, has reached maximum medical improvement, and is entitled to permanent partial disability workers' compensation benefits as the result of injury by accident arising from and during the course and scope of her employment with the defendant and, if so, what percentage of disability and how much?
 d. Whether the claimant is entitled to have paid by the defendants all medical expenses incurred as a result of her injury by accident beginning on or about March 4, 1993?
* * * * * * * * * * *
The Full Commission adopts the findings of fact of the Deputy Commissioner, with minor modifications, and finds as follows:
FINDINGS OF FADO
1. Plaintiff is a right-handed, 34 year old female with a high school education who was unemployed at the time of hearing before the Deputy Commissioner but looking for work.
2. Defendant-employer manufactures products for the telecommunication industry. When plaintiff was injured, she was a plasma worker responsible for simultaneously picking up three terminal blocks in each hand and placing them into a tray to go into a machine to be treated.
3. In the process of picking up the same terminal blocks on March 4, 1993, plaintiff sustained the admittedly compensable injury giving rise to the Industrial Commission's prior awards herein when the blocks in her left hand doubled up and she twisted and injured her left wrist. As a result of the injury, she developed carpal tunnel and deQuervains tendonitis. These conditions required separate corrective hand surgeries which were performed by Dr. George S. Edwards, Jr., a Raleigh orthopedic surgeon and hand specialist.
4. Until plaintiff reached maximum medical improvement and/or the end of the healing period from the March 4, 1993 left wrist injury, plaintiff received compensation benefits under two Industrial Commission awards for her resulting periods of temporary total disability from the same injury.
5. On or about November 23, 1993 plaintiff reached maximum medical improvement and/or the end of the healing period at which time she retained a four percent (4%) permanent partial disability of the right hand that was the subject of the Industrial Commission's last award of permanent partial disability benefits pursuant to a Form 26 supplemental agreement.
6. After November 23, 1993, plaintiff was able to return to work earning her pre-injury wages. As a result of her permanent hand injury, plaintiff was not able to return to her regular plasma workers' job or other employment involving lifting more than fifteen pounds, strenuous or repetitive work. Plaintiff was capable of alternate lighter work, which defendant-employer provided within her restrictions.
7. Other than working part-time during her initial three weeks back at work, beginning on November 23, 1993 plaintiff was able to work on a full-time basis in alternate lighter jobs earning the same pre-injury wages until her layoff a year and a half later in June of 1995 when defendant-employer could no longer accommodate her limitations. Upon her return to work for defendant-employer and resumption of pre-injury wage earning capacity beginning December 15, 1993, plaintiff's disability under the Industrial Commission's second award of temporary total disability benefits presumptively ended. Plaintiff elected benefits under N.C. Gen. Stat. § 97-31 for the four percent (4%) permanent partial impairment to her left hand as reflected in the Form 26 supplemental agreement approved by the Industrial Commission on January 25, 1995. Plaintiff has failed to establish that the alternate light work job she was provided by defendant-employer amounted to "make work" which would not truly reflect her wage earning capacity.
8. Subsequent to her being laid off, plaintiff was able to obtain employment for three months at Knowledge Unlimited. Plaintiff also did some work for Lassiter Printing and worked as a cashier at a BP convenience store from January of 1995 until the end of April, 1995 when she was forced to stop working as a result of her left elbow problems. The left elbow problems are the subject of I.C. File No. 676370 and required her to undergo corrective surgery for resulting lateral epicondylitis and radial tunnel syndrome. Plaintiff's elbow problems are not the direct and natural result of the carpal tunnel syndrome that developed from her March 4, 1993 left wrist injury but rather arose independent of that injury.
9. The Industrial Commission's last award dated January 25, 1994 of permanent partial disability benefits to plaintiff for her March 4, 1993 injury was binding and final because it was not only the more munificent award but the only award available under the circumstances at the time plaintiff reached maximum medical improvement and/or the end of the healing period. Plaintiff's disability presumptively ended under the Industrial Commission's last award of temporary total disability benefits when she returned to work on November 23, 1993 earning her pre-injury wages. Plaintiff has failed to prove that the lighter work she was provided was the type of "make work" prohibited by Peoples v.Cone Mills Corporation. Plaintiff was able to continue working for defendant-employer for a year and a half and was able to obtain three other jobs after being laid off. Plaintiff worked until the time she became disabled by the unrelated left elbow problems for which a subsequent claim has been filed in I.C. File No. 676370.
10. In order to establish any entitlement to further benefits following the Industrial Commission's final award of permanent partial disability benefits, plaintiff has to show that she has undergone a substantial change of condition of the carpal tunnel syndrome that she developed as a result of her March 4, 1993 left wrist injury. By January of 1996, the symptoms of plaintiff's carpal tunnel syndrome had resolved and her persisting complaints revolved around the left wrist problems that she had begun developing in October of 1994 after she had returned to alternate light duty work for defendant-employer. Plaintiff's non-related lateral epicondylitis and radial tunnel syndrome that ultimately forced her to stop working in April of 1996 while employed as a cashier at a BP convenience store almost a year after being laid off by defendant-employer, which are the subject of her separate claim in I.C. File No. 676370, subsequently required her to undergo corrective elbow surgery.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Industrial Commission's last award of permanent partial disability was a final one because it was not only the more munificent remedy but the only award available under the circumstances at the time plaintiff reached maximum medical improvement and/or the end of the healing period from and following the March 4, 1993 left wrist injury.
2. Plaintiff's disability under the Industrial Commission's last award of temporary total disability benefits presumptively ended when she returned to work and regained her pre-injury wage earning capacity.
3. Plaintiff has failed to meet her burden of rebutting the same presumption by establishing that the light work she returned to was the type of "make work" prohibited by Peoples v. Cone MillsCorporation, 86 N.C. App. 227. 356 S.E.2d 801 (1987). Plaintiff's earnings as of December 15, 1993 were reflective of her wage earning capacity; plaintiff was able to continue working for defendant-employer for almost a year and a half until she was laid off. Plaintiff was able to obtain three other jobs until being forced to stop work almost a year later because of the unrelated disabling left elbow conditions for which she has filed a separate claim in I.C. File No. 676370.
4. In order to establish any entitlement to further benefits following the Industrial Commission's last award of permanent partial disability benefits, plaintiff has to show that she has since sustained a substantial change in the condition that was the subject of that award. By January of 1996, the symptoms of plaintiff's left-sided carpal tunnel syndrome had essentially resolved and her persisting complaints revolved around the left elbow problems she had begun developing by October of 1994.
5. For the reasons stated in the above findings of fact, plaintiff has not undergone a substantial change in the condition of her left-sided carpal tunnel syndrome that was subject of the Industrial Commission's last award of permanent partial disability benefits on January 25, 1994.
6. The disabling left elbow condition that subsequently forced plaintiff to stop working in late April of 1996 and to undergo the corrective surgery for her resulting lateral epicondylitis and radial tunnel syndrome was not a direct and natural result of the disabling left-sided carpal tunnel syndrome that plaintiff developed from her March 4, 1993 left wrist injury. The disabling left elbow condition developed independent of the March 4, 1993 injury and is the subject of a subsequent claim that plaintiff has filed in I.C. File No. 676370.
7. Plaintiff is entitled to such past and future medical treatment as is reasonably required to provide relief or lessen her disability from her admittedly compensable left carpal tunnel syndrome. The treatment provided to plaintiff for her left elbow is not related to her carpal tunnel syndrome; therefore, it is not compensable under this claim. Hassell Hyler v. GTE Products Co.,333 N.C. 258, 425 S.E.2d 698 (1993).
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim for further indemnity compensation benefits herein due to a change of the condition of her March 4, 1993 left wrist injury must be and is hereby DENIED.
2. Plaintiff is entitled to payment by defendant of all medical expenses incurred or to be incurred in the future as a result of her March 4, 1993 compensable left wrist injury when bills for the same have been approved through procedures adopted by the Industrial Commission.
3. Each side shall bear its own cost; however, defendant shall pay the $285 expert witness fee previously awarded Dr. Edwards for his deposition testimony if the same has not already been paid.
 S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ MARGARET MORGAN DEPUTY COMMISSIONER
BSB:jth