FRANK C. HICKS, ADMINISTRATOR OF THE ESTATE OF CYNTHIA KAY PHILLIPS JOYNER AND PARENTS, CHESTER AND DOROTHY PHILLIPS v. BROWN SHOE COMPANY

No. 8210IC368

(Filed 20 September 1983)

1. **Master and Servant § 48— four or more regular employees within State—sufficiency of evidence**

   In a workers' compensation proceeding, the evidence was sufficient to support the Commission's conclusion that defendant shoe company had four or more regular employees in North Carolina during the time involved in an accident and thus was subject to the Act where the president of defendant testified he had five or more employees in North Carolina on the day of the accident and where the fact that decedent was the only employee for one line of shoes in the state did not make the line of shoes a separate and distinct business from the rest of defendant company's business.

2. **Master and Servant § 55.6— workers' compensation—in course of employment—sufficiency of evidence**

   The evidence was sufficient to find decedent's fatal automobile accident occurred within the scope and course of her employment where decedent was

a traveling sales representative, and where the accident occurred in the middle of her territory, during business hours, on a highway between two towns which had stores she regularly called upon.

**3. Master and Servant § 78— interest on award constitutional**

The Industrial Commission did not err in requiring interest to be paid on an award of the Hearing Commissioner from the date of its rendition since G.S. 97-86.2, allowing interest on an award from the date of its rendition, was enacted before the award of the Hearing Commissioner, and before defendant's appeal therefrom, and since it affected no vested legal right of the defendant.

APPEAL by defendant from opinion and award of the Industrial Commission entered 10 November 1981. Heard in the Court of Appeals 15 February 1983.

In this action for death benefits under the Workers' Compensation Act, the Hearing Commissioner's award for the plaintiffs was affirmed by the Full Commission and the defendant appealed. The evidence tended to show the following:

The defendant Brown Shoe Company is a large marketer of shoes, whose home office is in St. Louis. It sells a number of different brands of shoes, including Air Step, Buster Brown, Foot Works, Levi's for Feet, Life Stride, Mound City, Pedwin, Forest Park, Naturalizer, and Rob Lee; each brand of shoes is marketed through a separate sales division of the company which sells only that particular shoe. At the time involved, eight such divisions, including Levi's for Feet, sold shoes in North Carolina through regularly-employed, fulltime sales representatives, five of whom lived in this state. All of the sales divisions are headquartered in St. Louis at the same address defendant is headquartered, and all sales representatives of the various sales divisions are paid their salary and commissions directly through the payroll department of defendant located there.

In April, 1978, the decedent, Cynthia K. Phillips Joyner, was employed by defendant to sell Levi's for Feet shoes in North Carolina. She lived in Greenville, North Carolina and traveled extensively throughout the state. In her work for defendant, she regularly called on customers or prospective customers in Boone and West Jefferson. Incident to her plan to call on customers in Boone and West Jefferson on October 4, 1978, she spent the night before with her parents in Johnson City, Tennessee, about 45

miles from Boone, and departed therefrom at about 8:10 the morning of October 4th in her automobile. About two and a half hours later, she was involved in a fatal vehicular accident one and a half miles east of Boone on U.S. 221 North, the main and direct route between Boone and West Jefferson. Earlier that morning, she had called on a shoe store in Boone and had an appointment later in the day with a store in West Jefferson.

*Franklin Smith for plaintiff appellees.*

*Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughan, for defendant appellant.*

PHILLIPS, Judge.

The defendant brings forward three assignments of error. None have merit.

[1] Under the provisions of G.S. 97-13, the Workers' Compensation Act does not apply "to any person, firm or private corporation that has regularly in service less than four employees *in the same business* within this State." (Emphasis supplied.) Defendant first contends that the Commission's conclusion that the defendant had four or more regular employees in North Carolina during the time involved and thus was subject to the Act was not supported by evidence. In doing so, defendant overlooks much evidence that was introduced, including the testimony of its president. When asked if Brown Shoe Company didn't have five or more employees in North Carolina on October 4, 1978, he testified, "On October 4, 1978, I guess we had 5 employees in North Carolina" and gave the names and addresses of the five employees. In contradiction thereof, defendant argues that because its several sales divisions operated independently of each other, each selling its particular brand of shoes, each division was a separate *business* within contemplation of G.S. 97-13, and since decedent was Levi's for Feet's only employee in this state, the Act does not apply. The evidence makes plain, however, that Levi's for Feet was not a separate and distinct *business* from Brown Shoe Company's business, but was an integral part of it, as were the several other divisions, and that five employees of defendant who lived in this state were regularly engaged in defendant's shoe-selling business.

[2] The defendant next contends that the Commission's conclusion that decedent was acting within the scope and course of her employment when the fatal accident occurred was also without evidentiary foundation. The record is replete with evidence on this point as well. She was a traveling sales representative, and the personal deviation to see her parents had ended and is not a factor in the case. The accident occurred in the middle of her territory, during business hours, on a highway between two towns which had stores she regularly called on. Even if the Workers' Compensation Act limited the coverage of traveling sales representatives to occasions when they are actually calling on customers or are on the way to do so, this evidence would support a finding to the latter effect, in our judgment. But, of course, coverage is not so limited; it applies to many activities incidental to the travel required. *See* 99 C.J.S. Workmen's Compensation § 231(f), pp. 799-804; *Clark v. Burton Lines, Inc.*, 272 N.C. 433, 158 S.E. 2d 569 (1968). In all events, this evidence abundantly supports the conclusion made that she was on the job and about her master's business when the accident occurred. Furthermore, it is in evidence, through the testimony of defendant's official, that it *verified* that she had called on a store in Boone a few minutes before the accident and had an appointment later in the day with a store in West Jefferson. That defendant's verification was arrived at by telephoning stores in Boone and West Jefferson a few hours after the accident did not make this evidence inadmissible hearsay, as defendant argues. The testimony did not show what the store representatives said in those telephone conversations and was not offered to show that what they said was true — it was offered to prove what the defendant did, which was verify that decedent was on the job and about its business when the accident occurred. That the verification was accomplished by means that its counsel now questions is no reason for rejecting this testimony.

[3] Finally, the defendant contends that requiring interest to be paid on the award of the Hearing Commissioner from the date of its rendition is unconstitutional because at the time the accident occurred and plaintiffs' rights became fixed, no authority to require interest existed. On April 23, 1981, the General Assembly enacted G.S. 97-86.2, and provided that it should be effective upon ratification. The enactment reads as follows:

When, in a worker's compensation case, a hearing or hearings have been held and an award made pursuant thereto, if there is an appeal from that award by the employer or carrier which results in the affirmance of that award or any part thereof which remains unpaid pending appeal, the insurance carrier or employer shall pay interest on the final award from the date the initial award was filed at the Industrial Commission until paid at the legal rate of interest provided in G.S. 24-1. If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant.

In attaching interest to the award from the date of its rendition, the Commission only followed the statute and in doing so impinged on no constitutional right of defendant. *Byrd v. Johnson*, 220 N.C. 184, 16 S.E. 2d 843 (1941). This remedial and procedural statute, enacted *before* the award of the Hearing Commissioner was made on June 5, 1981, and before defendant's appeal therefrom, affected no vested legal right of the defendant. The statute did not alter in any way plaintiffs' cause of action or defendant's obligation to pay compensation for decedent's death; it only strengthened plaintiffs' remedy in collecting the award which was obtained later. The Constitution does not freeze procedural rules and remedial practices as of the date causes of action accrue. 16A C.J.S. Constitutional Law § 383, p. 61.

The opinion and award appealed from is

Affirmed.

Judges ARNOLD and BECTON concur.