THOMAS AARON, Employee, Plaintiff v. NEW FORTIS HOMES, INC., Employer, and THE MARYLAND INSURANCE GROUP, Insurance Carrier, Defendants

No. COA96-1539

(Filed 18 November 1997)

1. Workers' Compensation § 149 (NCI4th)— injury while taking supervisor to hospital—special errand

The Industrial Commission did not err by finding in a workers' compensation action that plaintiff's injuries were caused by an accident arising out of and in the course of his employment where plaintiff was a roofer and construction worker; his supervisor stepped on a nail and asked plaintiff to take him to the hospital; plaintiff was injured in an automobile accident on the way to the hospital; and he was unable to return to work due to his injuries. This journey was brought into the course of employment because plaintiff was performing a "special errand" that directly benefitted the employer in that treatment of the supervisor was necessary before work could continue and in that defendant's exposure to a more serious workers' compensation claim was reduced by obtaining proper treatment for the injury.

2. **Workers' Compensation § 120 (NCI4th)— knee injury— previous degeneration—injury consistent with accident— no previous pain**

There was competent evidence to support the Industrial Commission's finding in a workers' compensation action that plaintiff's knee injury is causally related to an automobile accident suffered in the course of his employment where plaintiff had various degenerative changes and other conditions of the knee that predated the accident, but plaintiff's doctor testified that plaintiff's injuries were "entirely consistent" with the automobile accident and could have been caused by the accident, and plaintiff testified that he had no ligament damage prior to the accident and that he had never before seen a doctor for knee problems or knee pain.

3. **Workers' Compensation § 228 (NCI4th)— disability—doctor's restriction**

There was competent evidence to support the Industrial Commission's finding that a workers' compensation plaintiff remained totally disabled as of the date of the hearing where plaintiff's doctor restricted him from any work until he had knee surgery and plaintiff had not yet had the surgery.

4. **Workers' Compensation § 260 (NCI4th)— average weekly wage—Form 22—other sources**

The Industrial Commission erred in a workers' compensation action by denying defendants' motion for a new hearing or to take additional evidence on the issue of plaintiffs' wages and benefits where the Form 22 relied upon in determining plaintiff's average weekly wage included income from other sources.

Appeal by defendants from opinion and award entered 16 September 1996 by the Full Commission. Heard in the Court of Appeals 9 September 1997.

On 30 April 1994, plaintiff, a 30-year-old roofer and construction worker, was working on a home being built by defendant-employer, New Fortis Homes, Inc. While stepping down from a ladder, plaintiff's supervisor, Thomas McDuff, stepped on a nail and injured himself, requiring medical assistance. Accordingly, McDuff asked the plaintiff, Thomas Aaron, to take him to the hospital. Aaron agreed and on the way to the hospital, he became involved in an automobile accident and sustained disabling feet, leg, and facial injuries. Aaron underwent

medical treatment and was unable to return to work due to his injuries. Aaron remains incapable of earning wages and has not been released for any type of work. Aaron initiated this proceeding seeking workers' compensation benefits for injuries resulting from the automobile accident.

The matter was initially heard before a Deputy Commissioner on 1 March 1995. The parties agreed by stipulation to determine plaintiff's wages using a Form 22 Wage Chart under the belief that New Fortis Homes would have records of wages paid to Aaron. Accordingly, wages were not an issue at the hearing. Following the hearing, the Deputy Commissioner gave defendants thirty days within which to submit a Form 22 Wage Chart.

Following the hearing, defendants discovered that they had documentation only of amounts paid to McDuff, who was the contractor on the crew that included Aaron. In an effort to determine Aaron's wages, defendants requested that plaintiff's attorney (who also represented McDuff) procure wage records. As a result, plaintiff himself filled out the Form 22 for submission to the Industrial Commission, including income from sources other than New Fortis Homes, Inc., and McDuff signed and certified it. On 3 April 1995, defendants notified the deputy commissioner regarding the Form 22 and asked for a thirty (30) day extension to obtain the wage records. On 3 May 1995, defendants notified the deputy commissioner that they would not stipulate to the Form 22 and requested that the record be left open until defendants could depose McDuff.

In an Opinion and Award filed 19 February 1996, the Deputy Commissioner ruled in favor of plaintiff and awarded him total temporary disability compensation of $466/week as determined by the Form 22 Wage Chart. Defendants appealed and filed a Motion for New Hearing to Take Additional Evidence or for the Commission to Receive Further Evidence.

By Opinion and Award dated 16 September 1996, the Full Commission affirmed the Deputy Commissioner's decision. The Commission concluded that plaintiff was on a special errand that benefitted his employer. Accordingly, the injury arose out of and occurred in the course of employment. The Commission also denied defendants' motions, reasoning that defendants should have requested additional time to complete the record prior to its being closed. Defendants appeal.

*Law Offices of Nancy P. White, by Nancy P. White and J. David Stradley, for plaintiff-appellee.*

*Wishart, Norris, Henninger & Pittman, P.A., by W. Timothy Moreau, for defendant-appellants.*

EAGLES, Judge.

[1] We first consider whether the Commission erred in finding that plaintiff's injuries were caused by an accident arising out of and in the course of his employment with New Fortis Homes, Inc. The standard of appellate review of an opinion and award of the Industrial Commission is well established. Our review "is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its legal conclusions." *Counts v. Black & Decker Corp.*, 121 N.C. App. 387, 389, 465 S.E.2d 343, 345, *disc. review denied*, 343 N.C. 305, 471 S.E.2d 68 (1996) (citing *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990)).

Defendants first contend that the so-called "Going and Coming" rule applies to bar plaintiff's claim, arguing that injuries occurring while a covered worker is traveling to and from his place of employment are not compensable. *See Jennings v. Backyard Burgers of Asheville*, 123 N.C. App. 129, 131, 472 S.E.2d 205, 207 (1996). Defendant further argues that the "special errand" exception to the "Going and Coming" rule does not apply. Defendant contends the accident did not arise in the course of employment because plaintiff was not performing any specific duties for defendant and that the trip did not benefit the employer. Further, defendant argues, under the "increased risk" analysis, the hazard was common and plaintiff was not exposed to a greater danger than that of the general public. *See Roberts v. Burlington Industries*, Inc., 321 N.C. 350, 358, 364 S.E.2d 417, 422-23 (1988). We are not persuaded.

The Industrial Commission concluded that the accident occurred while plaintiff was performing a special errand that benefitted the employer. There were sufficient findings of fact supported by competent evidence on the record to support that conclusion of law.

Ordinarily, an injury occurring while an employee travels to or from work does not arise in the course of employment and is not compensable. *See Jennings*, 193 N.C. App. at 131, 472 S.E.2d at

207. The evidence here showed that the automobile accident occurred as plaintiff was in route from the worksite to the hospital while transporting a fellow employee, McDuff. Furthermore, travel was not an incident of plaintiff's employment as a roofer and construction worker. *See Hicks v. Brown Shoe Co.*, 64 N.C. App. 144, 147, 306 S.E.2d 543, 544 (1983), *disc. review denied*, 311 N.C. 304, 317 S.E.2d 680 (1984) (injury arose in course of employment where traveling shoe salesperson killed while driving from one sales call to another).

The journey here was brought into the course of employment because plaintiff was performing a "special errand" that directly benefitted the employer. *See McBride v. Peony Corp.*, 84 N.C. App. 221, 352 S.E.2d 236 (1987). There was testimony that McDuff had been injured on the job and required medical attention and that treatment was necessary before work could continue. Further, by protecting the health of McDuff and obtaining proper treatment for his injury, New Fortis Homes' exposure to a more serious workers' compensation claim by McDuff was reduced. Accordingly, we conclude there was competent evidence of record and adequate findings of fact to support the Commission's conclusion that the automobile accident occurred while plaintiff was on a "special errand" for defendant-employer.

We next consider whether the Commission erred in finding that plaintiff's injuries were causally related to the automobile accident and that plaintiff remains incapable of earning any wages since the accident.

[2] Defendants claim that plaintiff has failed to prove that his right knee problems were causally related to the automobile accident. The plaintiff had various degenerative changes and other conditions of the knee that predated the accident. Plaintiff's treating physician, Dr. Edmund Campion, testified that there was "absolutely no way of telling" whether plaintiff's knee problems were caused by an old injury or a new injury. Additionally, defendants claim that there is evidence that plaintiff is working. Accordingly, defendants argue that plaintiff obviously is capable of earning wages.

There is competent evidence to support the Commission's finding that plaintiff's knee injury is causally related to the automobile accident. Our Supreme Court stated the standard of medical proof in workers' compensation cases in *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 265 S.E.2d 389 (1980):

> There must be competent evidence to support the inference that the accident in question resulted in the injury complained of, i. e., some evidence that the accident at least might have or could have produced the particular disability in question.

*Id.* at 167, 265 S.E.2d at 391. Dr. Campion testified that the plaintiff's injuries were "entirely consistent" with the automobile accident and could have been caused by the accident. Additionally, plaintiff testified that he had no ligament damage prior to the accident and that he had never before seen a doctor for knee problems or knee pain. Accordingly, we conclude that there was competent evidence of record and adequate findings of fact to support the Commission's conclusion that the plaintiff's knee injury was causally related to the automobile accident.

[3] There was also competent evidence of record to support the Commission's finding that plaintiff remained totally disabled as of the date of the hearing. Dr. Campion restricted plaintiff from any work until he had knee surgery. As of the date of the hearing, the plaintiff had not yet had knee surgery and Dr. Campion's advice remained in effect. Accordingly, there was sufficient evidence to support the Commission's findings.

[4] Finally, we consider whether the Commission erred in determining plaintiff's average weekly wage and in denying defendants' motion for a new hearing or to take additional evidence. The cause must be remanded for the taking of additional evidence on the issue of plaintiff's wages and benefits.

The Form 22 relied upon in determining plaintiff's average weekly wage included income from sources other than New Fortis Homes, Inc. The calculation of an employee's average wage is governed by G.S. 97-2(5). In construing G.S. 97-2(5), our Supreme Court recently stated that the definition of average weekly wage and the methods of computing such wages set out in the statute "do not allow the inclusion of wages or income earned in employment or work other than that in which the employee was injured." *McAninch v. Buncombe County Schools*, 347 N.C. 126, 489 S.E.2d 375, 380 (1997). The evidence before the Commission on the issue of wages, the Form 22, included wages from sources other than New Fortis Homes, Inc. Accordingly, on remand the Commission should take new evidence and calculate plaintiff's average weekly wage but not include wages from sources other than New Fortis Homes, Inc.

In sum, the Industrial Commission's conclusion that plaintiff's injuries arose out of and in the course of employment with New Fortis Homes, Inc. is affirmed. The Industrial Commission's conclusion that plaintiff's injuries are causally related to the automobile accident and that he remains incapable of earning any wages is affirmed. Finally, the Industrial Commission's determination of plaintiff's average weekly wage and its denial of defendant's motion for a new hearing or to take additional evidence are reversed. The cause is remanded to the Commission for hearing and determination of plaintiff's average weekly wage and appropriate award.

Affirmed in part, reversed in part, and remanded.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.