The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Nevertheless, in its discretion, the Full Commission modifies the prior Opinion and Award with the addition of Order #2 as well as general modifications.
 ***********
The parties submitted a pretrial agreement, which is incorporated herein by reference setting forth the jurisdictional requirements and the contested issues. The parties further agreed to a bifurcated hearing before the Deputy Commissioner whereby there would be a ruling on the issue of compensability prior to the parties litigating the issue of damages.
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission makes the following
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was thirty-six years old and residing in Winston-Salem. Plaintiff began working for defendant Piedmont Music Center or Piedmont Music, Inc. on or about 3 or 4 May 1997. His job duties included driving a truck owned by defendant Piedmont Music Center and moving pianos.
2. The claim in this case initially was filed against Piedmont Music Center, and counsel for defendant was hired to represent the interests of Piedmont Music Center. Piedmont Music Center is a retail sales store that sells pianos.
3. Welch Fulk Enterprises, Inc. does business as Piedmont Music Center and as part of its business it moves pianos. The principals in Welch Fulk Enterprises are Gerrie Fulk, Gerrie Fulks father, and Gerrie and Christopher Fulks children. Welch Fulk Enterprises doing business as Piedmont Music Center has a sufficient number of employees such that workers compensation insurance is required for the benefit of its employees.
4. Piedmont Music, Inc., is a corporation owned by Christopher Fulk, the husband of Gerrie Fulk. This corporation is a consulting firm that markets, stores, and moves pianos, and one of its clients is Welch Fulk Enterprises. Plaintiff received paychecks from Piedmont Music, Inc., and it is defendants contention that Piedmont Music, Inc. is the correct defendant in this action. Defendant contends that Christopher Fulk is the only employee of Piedmont Music, Inc., and Piedmont Music, Inc. was not insured for workers compensation purposes at the time of the injury giving rise to this claim due to Piedmont Music, Inc.s contention that it was not subject to the Workers Compensation Act.
5. Christopher Fulk and his wife Gerrie Fulk are in the business of marketing, selling, moving, and storing pianos. Despite defendants contentions, Welch Fulk Enterprises, Piedmont Music Center, and Piedmont Music, Inc. are being operated interchangeably in the same business of marketing, selling, storing, and moving pianos.
6. During the first week of May 1997, plaintiff was hired by Christopher Fulk who plaintiff knew as the manger of Piedmont Music Center to move pianos out of a building where Piedmont Music Center, Piedmont Music, Inc., and Welch Fulk Enterprises had items, including pianos, stored. The building was sold and the inventory and items in the building had to be moved quickly because a new tenant was going to occupy the space.
7. Plaintiff was hired by Piedmont Music Center and Piedmont Music, Inc., along with three other gentlemen, to move the pianos out of the this building. Plaintiff received at least two paychecks from Piedmont Music, Inc. for his work.
8. Plaintiff did not make decisions as to how and when the pianos would be moved. Plaintiffs supervisor, Gregory Johnson, who was employed with defendant Piedmont Music Center, gave plaintiff directions as to the work to be performed. The pianos, owned by both Piedmont Music Center and Piedmont Music, Inc., were to be moved due to the orders of Christopher Fulk and his wife, Gerrie Fulk, who left Mr. Johnson in charge of the project for both Piedmont Music Center and Piedmont Music, Inc. The pianos needed to be moved on Friday 16 May 1997 and the weekend of Saturday 17 May 1997. The employees did not supply their own vehicles to move the pianos, but instead drove two trucks, one truck that was owned and insured by defendant Piedmont Music Center and one that was rented from Hertz by defendant Piedmont Music Center.
9. Plaintiffs supervisor, Gregory Johnson, believed that plaintiff was an employee of defendant, specifically Piedmont Music Center, at the time of the accident.
10. On Saturday 17 May 1997, plaintiff and another employee were moving a piano in the building when something unusual happened that resulted in trauma to plaintiffs left leg including abrasions, which later became infected. Initially, plaintiff did not realize the severity of his injury. The following day, when plaintiff went to pick up Mr. Johnson for work, plaintiff was vomiting and thought he had food poisoning and felt weak. Consequently, plaintiff went home to sleep and when he awoke, he noticed that his left foot was asleep and he was unable to move it. Plaintiff also developed extreme pain in his left leg. Accordingly, plaintiff was treated by Steve Lucey, M.D. at the Bowman Gray School of Medicine on 21 May 1997.
11. Upon examination of plaintiff, Dr. Lucey found an area of swelling and mild erythema with some superficial abrasions over the anterior of plaintiffs left leg. Plaintiff also had decreased sensation over the dorsum and lateral aspects of his foot and he was unable to extend his great toe. Dr. Lucey diagnosed probable cellulitis of the anterior leg due to the traumatic abrasions.
12. Dr. Lucey recommended immediate surgery but plaintiff chose not to be admitted at that time. Plaintiff eventually had surgery and his left leg had to be amputated. At this point, since the hearing before the Deputy Commissioner was limited, there is insufficient evidence of record to determine the issue of causation concerning the injury with the piano and the need for amputation.
13. Though defendant raised allegations that plaintiff was intoxicated at the time of the injury, defendant did not produce sufficient evidence to establish that the accident was proximately caused by plaintiffs alleged intoxication.
14. On 17 May 1997, plaintiff was an employee of defendant-employer, which includes Welch Fulk Enterprises dba Piedmont Music Center and Piedmont Music, Inc. since they are operated interchangeably. On that date, plaintiff suffered an injury by accident arising out of and in the course of his employment.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. On 17 May 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which includes Welch Fulk Enterprises dba Piedmont Music Center and Piedmont Music, Inc. since they are operated interchangeably. Employers may not avoid liability under the Act by superficially separating one company into more than one company or division in order to claim to have less than three employees. Hicks v. Brown Shoe Company, 64 N.C. App. 144,306 S.E.2d 543 (1983); N.C.G.S. 97-2(6).
2. Plaintiff was an employee of defendant-employer and not an independent contractor. In addition, defendant-employer regularly employed three or more employees for the purposes of the Act. Williamsv. ARL, Inc., 133 N.C. App. 625, 516 S.E.2d 187 (1999); N.C.G.S. 97-2.
3. Defendant has failed to prove by the greater weight of the evidence that plaintiffs injury by accident was proximately caused by plaintiffs alleged intoxication. N.C.G.S. 97-12.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
Plaintiffs claim is compensable under the North Carolina Workers Compensation Act.
 ORDER
1. Because the parties requested a hearing on the issue of compensability only, counsel for the parties shall confer and attempt to resolve all remaining issues. In the event that the remaining issues cannot be resolved, either party may file a Form 33 to request that the Commission reset this case for hearing.
2. It is hereby ordered that this matter be referred to the Commissions Fraud Investigation Unit for review.
3. Defendant shall pay the costs due the Commission.
Thus the ___ day of March 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER