MARIE LANGLEY, Employee, Plaintiff,
v.
SUE-LYNN TEXTILES, INC., Employer, OHIO CASUALTY GROUP, Carrier, and
KEY RISK INSURANCE COMPANY, Carrier, Defendants.
No. COA08-117
Court of Appeals of North Carolina
Filed December 2, 2008
This case not for publication
Crumley & Associates, P.C., by Michael T. Brown, Jr. and Kara F. McIvor, for plaintiff-appellant.
Prather Law Firm, by J.D. Prather, for defendants-appellees Sue Lynn Textiles, Inc. and Key Risk Insurance Company.
Cranfill, Sumner & Hartzog, L.L.P., by James B. Black IV, for defendants-appellees Sue Lynn Textiles, Inc. and Ohio Casualty Group.
MARTIN, Chief Judge.
Employee Marie Langley ("plaintiff") appeals from an Opinion and Award of the Industrial Commission concluding that plaintiff has failed to prove she remains totally disabled and is thus only entitled to permanent partial disability compensation. On 7 November 2000, plaintiff was diagnosed with mild bilateral carpal tunnel syndrome. Plaintiff had worked as a sewer for Sue-Lynn Textiles ("employer-defendant") since 1979 and, after being advised by her doctor to wear splints, continued to attend work. In April 2002, Dr. James Califf of the Kernodle Clinic diagnosed plaintiff with trigger thumb and a ganglion cyst on her right hand. Plaintiff took a leave of absence to undergo surgery shortly thereafter. Plaintiff was released to work with restrictions of lifting no more than five pounds bilaterally on 8 July 2002. However, because employer-defendant had placed the entire sewing department on temporary layoff beginning 13 June 2002, and permanent layoff on 15 July 2002, plaintiff did not return to work following her leave of absence.
While drawing unemployment benefits, plaintiff looked for work for approximately two weeks after she was released by Dr. Califf. Other than this two week period, plaintiff did not look for employment. On 17 August 2002, plaintiff filed an Industrial Commission Form 18, alleging that she had contracted carpal tunnel syndrome as a result of the repetitive nature of her job. Before this date, plaintiff did not notify employer-defendant that her condition might be related to her employment. Key Risk Insurance, the carrier for employer-defendant from 1 January 2002 through 30 December 2002, conducted an investigation and denied plaintiff's claim based, in part, on an ergonomics evaluation conducted by William McClure, a certified work capacity evaluator and ergonomic evaluation specialist. On 9 October 2003, Ohio Casualty Group, employer-defendant's then-current insurance carrier, requested a hearing to determine whether it was the carrier on risk at the time of last injurious exposure. At a hearing before the deputy commissioner, the parties submitted stipulated exhibits, plaintiff's medical records, Industrial Commission forms, carrier-defendant's payment printout, vocational rehabilitation reports, and discovery responses. Following the hearing, the medical record was held open for the submission of additional evidence. Subsequently, Dr. James Califf, Dr. Michael Reynolds, and Mr. William McClure were deposed and their depositions were added to the record, along with additional evidence.
The deputy commissioner issued an Opinion and Award in the case, which included the following findings of fact pertinent to this appeal:
1. At the time of the hearing, plaintiff was sixty-three years old and had completed the eighth grade.
. . . .
16. Plaintiff reached the point of maximum medical improvement, or the end of the healing period, for her carpal tunnel syndrome and trigger finger by 3 December 2002. Plaintiff has a three percent (3%) permanent partial disability of the right hand as a result of her carpal tunnel syndrome, trigger finger, and surgical release. Dr. Califf's only work restriction for plaintiff as of December 2002 was no repetitive motion.
. . . .
20. As of 8 July 2002, plaintiff was not totally disabled, but rather was able to work with certain specified restrictions. There is no evidence that plaintiff sought employment since 21 May 2002, the date she took a leave of absence to have surgery, other than for two weeks when she received unemployment benefits. Since that time she has remained out of work with restrictions but has made no effort to go back to work.
Based on these and other findings of fact, the deputy commissioner made the following conclusions of law which are relevant to this appeal:
1. As a result of her job duties with the Employer, plaintiff developed carpal tunnel syndrome, an occupational disease arising out of and in the course and scope of her employment. N.C.G.S. § 97-53.
. . . .
4. Plaintiff is not entitled to additional temporary total disability compensation under the Workers' Compensation Act. N.C.G.S. § 97-29. Plaintiff has the burden of establishing continuing disability. Plaintiff has failed to prove by the greater weight of the evidence that she is currently disabled within the meaning of the Act. Russell v. Lowes Prod. Distrib'n., 108 N.C. App. 762, 425 S.E.2d 454 (1993).
. . . .
6. In the present case, plaintiff has presented insufficient evidence to satisfy her burden of proving that she remains totally disabled as a result of the compensable occupational disease in any of these ways. Since plaintiff did have the ability to work with restrictions beginning 8 July 2002, and since there is no evidence that it would have been futile to seek other employment or that she obtained other employment earning less in wages after that date, she would thus be required to make a "reasonable effort" to obtain employment that would accommodate those restrictions. There is no evidence that plaintiff has sought employment at all since July of 2002. Rather, she has simply remained out of work with restrictions but has made no effort to go back to work. That being the case, under the law, plaintiff has failed to prove that she remains totally disabled as a result of the injury.
The deputy commissioner did not award ongoing disability benefits, but instead determined that payment of plaintiff's 3% permanent partial disability rating was the more favorable remedy and the remedy to which plaintiff was entitled. Plaintiff appealed the Opinion and Award on 9 March 2007. The Full Commission heard oral arguments on 1 August 2007, and, on 16 October 2007, affirmed the deputy commissioner's Opinion and Award. A dissent was issued by Commissioner Laura K. Mavretic. Plaintiff filed notice of appeal on 8 November 2007.
On appeal, plaintiff has condensed fifteen assignments of error into two fundamental arguments. Plaintiff first argues that the Full Commission erred in concluding that plaintiff is not disabled and therefore not entitled to ongoing disability benefits pursuant to N.C.G.S. § 97-29. As part of this argument, plaintiff contends that, at the initial hearing before the Commission, she met her burden of showing she was unable to earn the same wages she had earned before the injury, either in the same or other employment. Plaintiff argues because the Commission failed to make certain findings of fact regarding the positions for which plaintiff might qualify, other health problems from which plaintiff suffers, and the impact of plaintiff's age, work history, and physical limitations on her ability to obtain employment, the Commission's conclusion that plaintiff was not disabled was effectively not supported by competent evidence in the record.
Upon our review, the findings of fact by the Industrial Commission are conclusive if supported by any competent evidence. See Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999) (citing Gallimore v. Marilyn's Shoes, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)). This is true "even though there be evidence that would support findings to the contrary."Jones v. Myrtle Desk Co., 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965). "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Lanning v. Fieldcrest-Cannon, Inc., 352 N.C. 98, 106, 530 S.E.2d 54, 60 (2000). However, this Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight." Anderson v. Lincoln Constr. Co., 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). Instead, our duty goes no further than to determine whether the record contains any evidence tending to support the Commission's findings. See id. In turn, we review the Commission's legal conclusions to determine whether they are justified by those findings. See Aaron v. New Fortis Homes, Inc., 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997).
For purposes of Workers' Compensation, disability is an "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N. C. Gen. Stat. § 97-2(9) (2007). Thus, disability as defined in the Act is the impairment of the injured employee's earning capacity rather than physical disablement. See Peoples v. Cone Mills Corp., 316 N.C. 426, 434, 342 S.E.2d 798, 804 (1986). In order to prove disability, "the burden is on the employee to show that [she] is unable to earn the same wages [she] had earned before the injury, either in the same employment or in other employment." Russell v. Lowes Prod. Distrib'n, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citingHilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982)). The employee may meet this burden in one of four ways:
(1) the production of medical evidence that [she] is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that [she] is capable of some work, but that [she] has, after a reasonable effort on [her] part, been unsuccessful in [her] effort to obtain employment; (3) the production of evidence that [she] is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that [she] has obtained other employment at a wage less than that earned prior to the injury.
Id. (citations omitted). Only if the employee meets this initial burden does the employer have the burden to come forward with evidence showing that suitable jobs are available and that the employee is capable of getting one, taking into account both physical and vocational limitations. See Kennedy v. Duke Univ. Med. Ctr., 101 N.C. App. 24, 32-33, 398 S.E.2d 677, 682 (1990). A job is "suitable" if the employee is capable of performing it considering her age, education, physical limitations, vocational skills, and experience. See Burwell v. Winn-Dixie Raleigh, Inc., 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994). The employee is "capable of getting a job" if there is a reasonable likelihood that she would be hired if she diligently sought to obtain the job. See id. The burden of proving a disability, however, remains on the employee. See Hilliard, 305 N.C. at 595, 290 S.E.2d at 683.
Here, plaintiff contends that, although she produced sufficient evidence to meet the third prong of Russell, the Commission failed to make findings of fact crucial to a determination that plaintiff was entitled to compensation under the Act. In arguing that it would be futile for her to seek other employment, plaintiff points to her age, lack of a GED, lack of computer skills, and general poor health, including high blood pressure, high cholesterol, osteopenia and previous bilateral bunion surgery as preexisting conditions which preclude her from securing other employment. These factors, plaintiff contends, rebut the Commission's conclusion that there was no evidence that it would have been futile for plaintiff to seek other employment. We disagree.
Our review of the record reveals ample evidence which supports the Commission's findings of fact and conclusion that plaintiff's search for employment would not have been futile. Dr. Califf, upon whose testimony plaintiff heavily relies, rated plaintiff at 3% permanent partial disability of the right hand after the period of maximum medical improvement and released plaintiff to work with restrictions. Although plaintiff did in fact look for employment following her recovery, her search was limited to other textile mills in the area and lasted only two weeks. Plaintiff made no effort to obtain employment after 17 August 2002, the date she related her carpal tunnel syndrome to her employment. Plaintiff has presented no evidence that she tried to obtain employment which would accommodate her restrictions or that she was refused employment because of her preexisting conditions. Although the record does reflect evidence of plaintiff's preexisting conditions, plaintiff failed to present any direct evidence that she is unable to work in any employment. Instead, record evidence supports the Commission's finding that plaintiff has a 3% permanent partial disability of her right hand and that she had work restrictions. Even when viewed in the light most favorable to plaintiff, such evidence is not equivalent to medical evidence that plaintiff had a permanent total disability. See Demery v. Converse, Inc., 138 N.C. App. 243, 250-52, 530 S.E.2d 871, 876-77 (2000) (stating that evidence that plaintiff had a 20% partial impairment to his back and permanent work restrictions was insufficient to support conclusion that plaintiff suffered a permanent total disability), abrogation on other grounds recognized in Foster v. U.S. Airways, Inc., 149 N.C. App. 913, 563 S.E.2d 235 (2002); but see Bridges v. Linn-Corriher Corp., 90 N.C. App. 397, 400-01, 368 S.E.2d 388, 390-91 (stating that evidence that plaintiff was sixty-one years old with a fifth grade education, skilled only in work he was physically unable to perform, afflicted with an easily aggravated breathing condition, and had attempted but was unable to obtain employment was sufficient to show plaintiff's impaired earning capacity), disc. review denied, 323 N.C. 171, 373 S.E.2d 104 (1988).
Although there is some circumstantial evidence in the record that plaintiff's employment search was futile, the Commission has discretion to weigh such evidence and make factual determinations. Here, the Commission weighed the evidence and, in its discretion, chose not to include it as a finding of fact. Based on the Commission's findings, there is no proof that the exercise of seeking a job would have been meaningless in plaintiff's case. See Peoples, 316 N.C. at 444, 342 S.E.2d at 809. Plaintiff failed to meet her burden of showing that she is unable to earn the same wages as before her injury. Accordingly, we conclude that the evidence in the record supports the Commission's findings and is consistent with the Commission's conclusion that plaintiff has failed to show she remained totally disabled as a result of her carpal tunnel syndrome.
Plaintiff next argues that the Commission erred in failing to award plaintiff's counsel a 25% fee for prior and ongoing temporary total disability benefits due plaintiff. Because we find no error in the Commission's findings of fact and conclusion that plaintiff is not disabled nor entitled to ongoing disability benefits, this argument is without merit.
Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).