ROBERT ANTHONY, Plaintiff-appellee,
v.
CONTINENTAL TIRE NORTH AMERICA, INC., Employer, SELF-INSURED (CAMBRIDGE INTEGRATED SERVICES, Third-Party Administrator), Defendant-appellant.
No. COA09-99.
Court of Appeals of North Carolina.
Filed: August 18, 2009.
This case not for publication
Ken Wayne & Associates, by Robert R. Brown, for plaintiff-appellee.
Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Joel K. Turner, for defendant-appellant.
CALABRIA, Judge.
Continental Tire North America, Self Insured (Cambridge Integrated Services, Inc.) ("defendant") appeals from the North Carolina Industrial Commission's ("the Commission") Opinion and Award granting plaintiff Robert Anthony ("plaintiff") temporary total disability benefits. We affirm.

I. Facts
Plaintiff was hired as a mechanic at defendant's tire manufacturing facility in Charlotte, North Carolina on 6 November 2000. His duties included heavy lifting, maintenance of machinery, climbing to heights of twenty-five feet, and holding himself suspended above the ground. On 17 December 2003, plaintiff was working on a machine when his fingers were caught between a chain and sprocket. Plaintiff, who is right handed, sustained injuries to his right middle and right ring fingers, resulting in partial amputation of both fingers. At the time of the accident, plaintiff was fifty-one years old, had received a high school diploma, and had been trained as a mechanic at Forsyth Technical College.
Plaintiff visited orthopedist Dr. David Baker ("Dr. Baker") following his accident. Dr. Baker performed an extensive debridement of plaintiff's hand. On 12 January 2004, Dr. Baker wrote a note allowing plaintiff to return to work with the restriction that he not use his right hand. On 22 April 2004, Dr. Baker allowed plaintiff to return to work without restrictions.
Beginning on 11 May 2004, plaintiff returned several times to Dr. Baker reporting increased swelling and pain in his fingers since his return to work. On 26 April 2005, Dr. Baker indicated that he felt plaintiff had reached maximum medical improvement with a seventy-five percent partial impairment to both the right middle and ring fingers, equivalent to a twenty-three percent total impairment of the right hand.
On 27 October and 13 December 2005, plaintiff again returned to Dr. Baker with further complaints of pain, swelling, numbness, and difficulty with tasks at work. Dr. Baker recommended plaintiff take precautions to protect his nerves and use an elbow pad, but he again released plaintiff to work with no restrictions. On 24 January 2006, after plaintiff still complained his symptoms were worsening, Dr. Baker placed restrictions on plaintiff of no lifting, pushing or pulling anything greater than five pounds with his right upper extremity.
In addition to his pain, plaintiff developed psychological problems as a result of his injury. Plaintiff had difficulty receiving consistent treatment for both his injury and his psychological symptoms because treatment and medications were not authorized by defendant in a timely manner.
On 23 March 2006, plaintiff began visiting pain specialist Dr. Anthony Wheeler ("Dr. Wheeler"), who provided plaintiff treatment for pain through 18 June 2007. During this time, plaintiff also received pain treatment from Dr. Ronald VanDerNoord and psychological treatment from Dr. W. Brian O'Malley and Dr. Brian Simpson. It was eventually determined that plaintiff had not reached maximum medical improvement, as he was suffering from Chronic Regional Pain Syndrome.
Following the injury, plaintiff was absent from work a number of days over the course of two years, some of which were unexcused. At the time plaintiff was injured, defendant did not have a clear attendance policy that was consistently enforced. On 31 March 2005, defendant implemented a new attendance policy. On 26 January 2006, plaintiff received notice that he had been terminated because of violations of the attendance policy effective 23 January 2006. Plaintiff continued to experience pain, swelling and complications in his hand and arm and had difficulty performing his mechanic duties due to his injury. The pain, swelling, and complications were present during the remainder of his employment with defendant and continued after his termination.
On 28 October 2005, plaintiff filed a request for hearing from the North Carolina Industrial Commission, seeking medical and indemnity benefits for his injury. On 21 November 2007, an Opinion and Award was filed, which concluded that plaintiff was entitled to medical expenses and temporary disability payments of $674.00 beginning 24 January 2006. On 24 October 2008, the Full Commission affirmed the Opinion and Award. Defendant appeals.

II. Standard of Review
"The standard of review for an appeal from an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." Goff v. Foster Forbes Glass Div., 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000) (citing Aaron v. New Fortis Homes, Inc., 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997)). The Commission's findings of fact are conclusive if supported by competent evidence. Hedrick v. PPG Indus., 126 N.C. App. 354, 357, 484 S.E.2d 853, 856 (1997). "In weighing the evidence, the Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony." Russell v. Lowe's Prod. Distrib'n, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). The evidence will be taken in the "light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). The Commission's conclusions of law are reviewed de novo. Grantham v. R.G. Barry Corp., 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997).

III. Constructive Refusal of Suitable Employment
Defendant argues that plaintiff constructively refused suitable employment by violating the company attendance policy. "[T]he lawful termination of an employee for a reason unrelated to his disability and under circumstances justifying termination of any other employee constitutes a refusal to work." Workman v. Rutherford Elec. Membership Corp., 170 N.C. App. 481, 486, 613 S.E.2d 243, 247 (2005) (citation omitted). "An employee who actually or constructively refuses suitable employment is barred from receiving benefits by N.C. Gen. Stat. § 97-32." Id.
In Seagraves v. Austin Co. of Greensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996), this Court established a test, adopted by our Supreme Court in McRae v. Toastmaster, Inc., 358 N.C. 488, 597 S.E.2d 695 (2004), which was designed to guide the Commission in "deciding whether termination of an injured employee bars him from receiving disability benefits." Jones v. Modern Chevrolet, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2008). Under the Seagraves test, the employer must prove three elements to avoid workers' compensation payments: (1) the employee was terminated for misconduct or fault; (2) the termination was unrelated to the compensable injury; and (3) the conduct was such that a non-disabled employee would have been terminated. Seagraves, 123 N.C. App. at 234, 472 S.E.2d at 401 (1996). "The employer carries the initial burden to demonstrate all three elements by a greater weight of the evidence." Workman, 170 N.C. App. at 486, 613 S.E.2d at 247. The Commission found against defendant on all three of these elements and concluded that plaintiff had not constructively refused employment.
In the instant case, plaintiff was terminated from his employment with defendant due to alleged violations of defendant's attendance policies. The Commission found as fact that most of the days that plaintiff missed work after his injury were related to that injury. When asked about these missed days, plaintiff testified, "I know most of them I missed because of my hand," and the Commission found this testimony to be credible. The evidence showed (and defendant does not dispute) that plaintiff had a satisfactory attendance record prior to his injury. There was also ample evidence presented that plaintiff continued to experience pain and difficulties with his hand while continuing work in his post-injury position.
Defendant also argues that the Commission's finding that defendant did not show that plaintiff's alleged misconduct would have resulted in the termination of a non-disabled employee was not supported by competent evidence. Defendant argues that testimony from Rick Schultheiss ("Schultheiss"), defendant's human resource manager, was sufficient to show that a non-disabled employee would be terminated for similar attendance violations. It was the province of the Commission to determine whether the totality of evidence, including Schultheiss' testimony, was sufficient to establish whether a non-disabled employee would have been terminated. See Silva v. Lowe's Home Improvement, 176 N.C. App. 229, 235, 625 S.E.2d 613, 619 (2006) (holding employer did not meet its burden to show that a non-disabled employee would have been terminated because "defendants' witnesses [were] less credible than plaintiff's testimony," and the evidence tended to show the termination was due to the disability). Evidence was presented that defendant's employment policy was inconsistent prior to 31 March 2005, that some of plaintiff's absences occurred prior to the implementation of a consistent attendance policy, that defendant failed to follow its own delineated procedures in disciplining plaintiff, that there was no provision in defendant's attendance policy whereby an employee could provide an excuse for an absence related to a workers' compensation injury, and that plaintiff disputed the disciplinary actions taken against him on the basis that his absences were related to his injury. This evidence adequately supports the Commission's finding.
The Commission's findings of fact above were adequately supported and were sufficient to support its conclusion of law that defendant failed to prove any of the three elements of the Seagraves test. Defendant has failed to satisfy its burden to show that plaintiff constructively refused suitable employment.

IV. Disability and Ongoing Benefits
Defendant argues that the Commission erred in concluding that plaintiff is disabled and entitled to ongoing disability. Disability under the North Carolina Workers' Compensation Act is defined as "incapacity because of the injury to earn the wages which the employee was receiving at the time of injury in the same or any other employments." N.C. Gen. Stat. § 97-2(9) (2007). During the period of disability "the employer shall pay or cause to be paid . . . to the injured employee . . . sixty six and two thirds percent of his average weekly wages." N.C. Gen. Stat. § 97-29 (2007). "The burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." Russell v. Lowe's Prod. Distrib'n, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). This burden may be met in one of four ways:
(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.
Id. at 765-66, 425 S.E.2d at 457 (internal citations omitted). The Commission concluded that plaintiff provided sufficient evidence to prove disability under each of the first three prongs of Russell.
Defendant argues that plaintiff cannot prove disability under the first or second prong of Russell because the evidence showed plaintiff was capable of work. Defendant contends that plaintiff's job search was unreasonable in that he only applied for four jobs over the course of a year. Plaintiff testified that he applied for four positions that utilized his background, but was not hired. The testimony of Dr. Wheeler established that plaintiff had not reached maximum medical improvement at the time of his termination and that plaintiff had developed continuing psychological difficulties due to his undiagnosed Chronic Regional Pain Syndrome. It is uncontested by defendant that plaintiff had difficulty in receiving recommended treatment and medication due to defendant's consistent delays in approving these treatments. These facts adequately support the Commission's conclusions that, in light of all factors, the plaintiff was incapable of work and that his job search was reasonable.
Defendant also argues that plaintiff cannot prove disability under the third prong of Russell because there was no testimony from a vocational expert that plaintiff's job search would be futile. Plaintiff was fifty-three years old at the time of the Commission's hearing and was trained as a mechanic. He had not received training in management or any other field and is right handed. Plaintiff's dominant hand is missing sections of two fingers and causes him extreme pain. Additionally, plaintiff has not had training in any vocation that does not require the use of his dominant hand. These facts are sufficient to support the Commission's conclusion that a job search by plaintiff would be futile.
Plaintiff only needs to provide sufficient proof to satisfy one prong of the Russell test to support a finding that he is disabled. Workman v. Rutherford Elec. Membership Corp., 170 N.C. App. 481, 489, 613 S.E.2d 243, 249 (2005). The first and second prongs of the Russell test have been satisfied because the Commission found as fact, adequately supported by the evidence, that plaintiff conducted a reasonable job search, but due to the nature and severity of his injury was unable to find employment. Additionally, the third prong of the Russell test was satisfied because the Commission found as fact, adequately supported by the evidence, that due to his age, experience, and lack of education, plaintiff's job search would be futile. Plaintiff has carried his burden and the Commission did not err in concluding he was disabled.

V. Conclusion
The Commission's relevant findings of fact are supported by competent evidence and the facts adequately support the conclusions of law. Plaintiff is entitled to ongoing temporary disability payments of $674.00 per week, related medical expenses, and court costs. Defendant has failed to bring forth any arguments regarding his remaining assignments of error. As such, we deem these assignments of error abandoned pursuant to N.C.R. App. P. 28(b)(6) (2007).
Affirmed.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).