STATE OF NORTH CAROLINA EX REL. DAVID C. EVERETT, JR. v. IRA M. HARDY, II

No. 822SC1313

(Filed 6 December 1983)

**1. Domicile § 2; Witnesses § 6— domicile of defendant for voting purposes—evidence properly admitted**

In an action in which plaintiff alleged that defendant was not a resident of the Town of Bath and was thus ineligible to serve on the Bath Town Council,

the trial court properly admitted testimony concerning past disagreements between plaintiff and defendant over location of a marina in Bath since such testimony probed the possible bias of plaintiff.

**2. Domicile § 2— domicile for election purposes—evidence concerning letter to Board of Elections properly admitted**

In an action in which plaintiff alleged that defendant was not a resident of the Town of Bath and was thus ineligible to serve on the Bath Town Council, the trial court properly admitted testimony by defendant in which he stated he had written a letter to the County Board of Elections concerning his eligibility as a voter since such evidence was relevant to the issue of whether defendant had usurped, intruded into, or unlawfully held his public office. G.S. 1-515(1) and G.S. 1-527.

**3. Appeal and Error § 24— failure to object to testimony—waiver of right to argue on appeal**

Plaintiff waived his right to argue the admission of certain testimony on appeal by failing to object to earlier identical testimony.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 28 April 1982 in BEAUFORT County Superior Court. Heard in the Court of Appeals 14 November 1983.

Plaintiff, the relator in this action in the nature of *quo warranto,* alleged that defendant is not a resident of the town of Bath and is thus ineligible to serve on the Bath Town Council. Plaintiff's evidence tended to show that defendant owns a home in Greenville, that he works there during the week and on some weekends, and spent more time in Greenville than in Bath during the years 1977 through 1981. Defendant maintains a bank account in Greenville and listed his Greenville address on his income tax returns. Defendant's testimony tended to show that he is a neurosurgeon and that he has owned a home in Greenville since 1968. Defendant is associated with a hospital in Greenville whose regulations require him to maintain a home there, to be on call eighteen weekends per year, and to perform occasional night duty. Defendant purchased a home in Bath in 1971, and he and his family began spending weekends there beginning on Labor Day of 1972. In late 1975, defendant injured a hand and temporarily retired from the practice of medicine. He moved to Winston-Salem to attend law school in the fall of 1976, but withdrew after about two months and returned to Bath. In early 1977, defendant changed his voter registration from Pitt County to Beaufort County, joined a church in Bath and listed taxes in Beaufort

County. Defendant lived continuously in Bath from late 1977 until Labor Day of 1978, while recuperating from surgery on his injured hand. Defendant belongs to a number of civic and religious organizations in Bath and regards Bath as his permanent home.

The jury found that defendant was a resident of Bath at the time of the 1981 elections and was thus qualified to vote and hold a seat on the town council. Upon entry of judgment upon the verdict, plaintiff appealed.

*Michael A. Paul for plaintiff.*

*James, Hite, Cavendish & Blount, by Charles R. Hardee, G. Wayne Hardee and Marvin Blount, Jr., for defendant.*

WELLS, Judge.

[1] In his first assignment of error, plaintiff contends that the trial judge erred in admitting testimony concerning past disagreements between plaintiff and defendant over location of a marina in Bath. Plaintiff argues that the testimony is irrelevant and tended to distract the jury from the issue of defendant's domicile. It is well-established that "[a] party to an action or proceeding, either civil or criminal, may elicit from an opposing witness on cross-examination particular facts having a logical tendency to show that the witness is biased against him or his cause, cr that the witness is interested adversely to him in the outcome of the litigation." *State v. Hart,* 239 N.C. 709, 80 S.E. 2d 901 (1954). *See also* Brandis, "North Carolina Evidence," § 45 (2d rev. ed. 1982); Annot., 74 A.L.R. 1157 (1931).

We hold, therefore, that defendant's cross-examination of plaintiff concerning the disagreements over location of the marina was a proper means of probing possible bias of plaintiff. Under the general rule that bias of a witness may be proven by extrinsic evidence, including the testimony of third parties, such testimony by other witnesses at the trial was relevant and admissible, Mc-Cormick, *Evidence,* § 41 (1972). Once some evidence of bias is shown, it is within the trial judge's discretion to determine how much additional testimony will be admitted. *Id.* This assignment of error is overruled.

[2] Plaintiff next argues that it was error for the trial judge to admit defendant's testimony concerning hearings held by the

Beaufort County Board of Elections. Plaintiff argues that the testimony was hearsay and prejudicial in that it was likely to influence the jury's decision.

The testimony to which plaintiff objects as hearsay was a line of questions addressed to defendant as follows:

Q. And you have been through a hearing in front of the Board of Elections, haven't you?

. . . .

A. I have.

Q. With this same issue being brought, except by Mr. Red Everett?

A. That is correct.

(Plaintiff objects)

. . . .

Q. Now in September of 1981, did you write a letter to the Beaufort County Board of Elections?

A. I did.

. . . .

Q. Why did you write that letter?

A. I wanted my eligibility as a voter and prospective office holder to be looked at by the County Board of Elections.

Q. And why did you want that looked at?

A. Because there was some question, someone had written.

(Plaintiff objects)

. . . .

I wrote a letter to Mr. G. T. Swinson, Chairman of the Board of Elections, Washington, North Carolina and received a response from that letter.

The responses given by defendant were not hearsay, as defendant testified only as to what he had done. Further, he did

not testify as to the results of the inquiry to the board of elections. Such evidence was relevant to the issue before the jury, that is, whether defendant had usurped, intruded into, or unlawfully held his public office. *See* G.S. § 1-515(1) and G.S. § 1-527. Our review of relevant prior cases shows that evidence of results of prior board of elections investigations has been admitted in other *quo warranto* proceedings in this state. *See e.g., State ex rel. Freeman v. Ponder*, 234 N.C. 294, 67 S.E. 2d 292 (1951), and cases cited therein. This assignment is overruled.

[3] In his third assignment of error, plaintiff argues that the trial judge erred in permitting defense witness Judith Edwards to testify that defendant told her that he considered Bath to be his home. Plaintiff waived his right to argue this error on appeal by failing to object to identical testimony from other witnesses at trial. *See Power Co. v. Winebarger*, 300 N.C. 57, 265 S.E. 2d 227 (1980), *State v. Byrd*, 40 N.C. App. 172, 252 S.E. 2d 279, *cert. denied*, 298 N.C. 301, 259 S.E. 2d 915 (1979), Brandis, *supra*, § 30.

Next, plaintiff argues it was error for the trial judge to permit testimony that plaintiff's father had previously challenged defendant's right to serve on the Bath Town Council. Plaintiff has waived his right to argue this error on appeal by failing to object to earlier identical testimony. Further, the issue has some relevance on the issue of possible bias of plaintiff against defendant, as discussed under plaintiff's first assignment of error.

Finally, plaintiff argues that the trial judge erred by denying his motion for a mistrial. The record shows that defense witness Dot Tankard testified that plaintiff's attorney, John Wilkinson, told her that he would "get the goddamned son-of-a-bitch (Dr. Hardy) if it cost him every penny he had." While a new trial may be granted for any irregularity which prevents a party from obtaining a fair trial G.S. § 1A-1, Rule 59 of the Rules of Civil Procedure, "[t]he possible right to a new trial . . . may be lost if it is not protected by the taking of a proper exception when the irregularity occurs." Shuford, N.C. Civ. Prac. & Proc. (2d ed. 1981), § 59-4. *See e.g., Gilbert v. Moore*, 268 N.C. 679, 151 S.E. 2d 577 (1966). Here, defendant failed to object and move for a mistrial promptly following Ms. Tankard's testimony, and this assignment is therefore overruled.

No error.

Chief Judge VAUGHN and Judge JOHNSON concur.