STATE OF NORTH CAROLINA v. MELVIN R. WILLIAMS

No. 863SC315

(Filed 16 December 1986)

1. **Criminal Law §§ 69, 73.2— telephone conversation—not authenticated—not hearsay—admissible**

    The trial court did not err in an armed robbery prosecution by admitting testimony from the victim that he had received a telephone call in which the caller identified herself as the wife of the man who robbed him. Defense counsel had put in question the victim's motives for going to defendant's girl friend's house and the victim was merely explaining why he went there. The statement was not hearsay because it was not offered to prove the truth of the matter asserted.

2. **Criminal Law § 89— credibility of witness—source of rent**

    The trial court did not err in an armed robbery prosecution by overruling defendant's objection to a question concerning how his girl friend paid her rent because the prosecution was attempting to show bias on the part of the witness in that she had been living with defendant and their two children and had no job or money of her own.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 23 May 1985 in Superior Court, PITT County. Heard in the Court of Appeals 13 October 1986.

Defendant was charged in a proper bill of indictment with robbery with a firearm in violation of G.S. 14-87. He was found guilty as charged. From a judgment imposing a prison sentence of fourteen years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Debbie K. Wright, for the State.*

*Assistant Appellate Defender Geoffrey C. Mangum for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends that the trial court erred to his prejudice in overruling defendant's objection to testimony by George Walston, the victim of the robbery, that he had received a phone call from defendant's girl friend in which she identified herself as "that fellow that had robbed [you]'s wife." Defendant argues that this statement is inadmissible because the phone call was not properly authenticated and also because the statement is hearsay not subject to any exception to the hearsay rule.

We must examine the context of this testimony. On cross-examination, defense counsel had asked Mr. Walston if he had been to defendant's girl friend's home:

Q: Didn't you go around to where his girl friend lives?

A: Yes.

Q: Won't that while my client was in the County Jail that you went to visit his girl friend?

A: Yes. He was.

Q: And you were checking on her to see what?

A: We had collected the box of items to take to them.

Q: Some food items, was it?

A: Yes, it was.

Q: And you were checking on her welfare while he was in jail; is that right?

A: I was taking food for the welfare of the kids there.

Q: All right. You were there for the welfare of my client's girl friend and his kids, and you won't the least bit interested in the girl friend of his; were you?

A: No.

Q: That didn't have anything to do with the purpose of going there?

A: No.

On redirect examination, the prosecutor tried to clear up Mr. Walston's reasons for going to defendant's girl friend's home:

Q: How did you know, Mr. Walston, that Mr. Williams's girl friend needed food?

A: She made a telephone call down there at my place of business.

Q: She called you at Alice's?

A: Yes, she did.

Q: How did she identify herself to you? Do you remember?

A: She identified herself as that fellow that had robbed me's wife.

. . .

Q: What did she say to you?

A: She said she was going through some hard times and had kids that didn't have any food.

Defense counsel had put in question Mr. Walston's motives for going to the girl friend's house. Mr. Walston, in the disputed testimony, was merely explaining why he went there. Therefore, it was not necessary for the telephone call to be authenticated as coming from defendant's girl friend.

The statement Mr. Walston testified that he heard over the phone was not hearsay. G.S. 8C-1, Rule 801(c) provides that " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The statement in ques-

tion was not offered into evidence to prove the truth of the matter asserted (that the caller was the wife of someone who had robbed Mr. Walston), but only to show why Mr. Walston went to defendant's girl friend's home.

[2] Defendant next contends that the trial court committed prejudicial error in overruling defendant's objection to a question asked of Carolyn Hardy, defendant's girl friend, on cross-examination. Defendant argues that the question, which concerned how Ms. Hardy paid her rent, asked for irrelevant information.

It is well-established that a party to an action may elicit from an opposing witness on cross-examination particular facts having a logical tendency to show that the witness is biased against him or his cause, or that the witness is interested adversely to him in the outcome of the litigation. *State ex rel. Everett v. Hardy*, 65 N.C. App. 350, 309 S.E. 2d 280 (1983). An examination of the trial transcript reveals that at this point in her cross-examination, the prosecutor was attempting to show bias on the part of Ms. Hardy by showing that she had been living with defendant and their two children, she had no job or money of her own, and thus she was very much interested in the outcome of the case. The question was proper.

We hold that defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and ORR concur.