MAURICE GILLIAM v. PERDUE FARMS

No. 9210IC967

(Filed 2 November 1993)

**Master and Servant § 69.1 (NCI3d)— workers' compensation—illiterate, retarded claimant—permanent and total disability—sufficiency of evidence**

Evidence was sufficient to support the Industrial Commission's conclusion that claimant was permanently and totally disabled where it tended to show that he was an illiterate, mildly retarded, thirty-six-year-old male who had had limited work experience, all of which required lifting, stooping, and standing; claimant suffered injury to his lower back resulting in chronic pain; and experts testified that claimant's tolerance for activity did not appear appropriate for working, that claimant would have difficulty meting critical vocational demands in the work place, and that claimant was not employable.

**Am Jur 2d, Workers' Compensation § 593.**

Appeal by defendant from opinion and award entered 21 July 1992 by the Industrial Commission. Heard in the Court of Appeals 14 September 1993.

*Williamson, Herrin, Barnhill, Savage & Morano, by Mickey A. Herrin, for defendant-appellant.*

*Leland Q. Towns for claimant-appellee.*

GILLIAM v. PERDUE FARMS

[112 N.C. App. 535 (1993)]

McCRODDEN, Judge.

The issue presented by this worker's compensation case is whether the Industrial Commission erred in concluding that claimant is permanently and totally disabled, entitling claimant to compensation under N.C. Gen. Stat. § 97-29 (1991).

Our review of an Industrial Commission's award is limited to two questions: (1) whether there was competent evidence before the Commission to support its findings of fact, and (2) whether the findings support the legal conclusions. *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981). The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there may be evidence to support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). Whether a disability exists is a conclusion of law which must be based upon findings of fact supported by competent evidence. *Id.* at 594-95, 290 S.E.2d at 683.

N.C. Gen. Stat. § 97-2(9) (1991) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." *See Taylor v. Pardee Hospital*, 83 N.C. App. 385, 389, 350 S.E.2d 148, 151 (1986), *disc. review denied*, 319 N.C. 410, 354 S.E.2d 729 (1987). Our Supreme Court has stated that in order to support a conclusion of disability, the Commission must find: (1) that claimant was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that he was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that his incapacity to earn was caused by his injury. *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683. In reviewing the record, we find competent evidence to support the challenged findings of fact which in turn support the Commission's legal conclusion, and therefore affirm the Commission's award.

Claimant is an illiterate, 36 year-old male, with only an eighth grade education. He is mildly mentally retarded and has cognitive defects affecting his memory, concentration, and attention. His work experience has been limited. Prior to working at Perdue Farms, he operated a stationary radial saw and built tobacco barns and pea pickers. Both of these jobs required lifting, prolonged sitting, and standing. On 30 January 1989, claimant, who worked for defend-

**GILLIAM v. PERDUE FARMS**

[112 N.C. App. 535 (1993)]

ant employer as a chicken catcher and forklift driver, sustained an injury by accident arising out of and in the course of his employment when he was involved in a vehicular accident while riding as a passenger in a truck on the way to catch chickens.

As a result of his accident, claimant saw a number of medical doctors and vocational consultants. He complained that because of the pain he could not perform his previous job, which required stooping and lifting, and had difficulty lying in bed. Dr. George Miller diagnosed claimant as having cervical and lumbar sprains and assigned to him ratings of 7% permanent partial impairment of the cervical spine and 10% permanent partial impairment of the lumbar spine. Melinda Evans assessed claimant's functional capacity at Pitt County Memorial Hospital beginning 10 November 1989. In her report, Ms. Evans noted that claimant's tolerance for activity did not appear appropriate at that time for either working or a work-hardening program. Judy Sedor, a vocational rehabilitation specialist, determined that claimant's test results placed him in the range of mild mental retardation. Stephen D. Carpenter, a vocational rehabilitation consultant, completed a functional capacity assessment of claimant revealing that claimant is cognitively dysfunctional and appears to be mentally retarded. He testified that, in his opinion, claimant would have difficulty meeting critical vocational demands in the work place and is not employable.

The foregoing evidence was sufficient to support the Full Commission's findings (1) that, due to the injuries to claimant's lower back and the chronic incapacitating pain, claimant "is only capable of less than sedentary work not involving significant lifting, bending and stooping or prolonged standing or sitting," and (2) that there is no such work for "someone of . . . [claimant's] age, education, background and work experience."

Defendant supports his contention that plaintiff is capable of returning to work and is able to obtain employment by referring to statements made by Ms. Sedor, who testified that there are positions available in the job market which plaintiff could obtain and would be capable of performing. Offsetting that testimony, however, there was competent evidence that, given claimant's age, education, and experience, there is no sedentary work which would accommodate his inability to lift, bend, stoop, or be in prolonged sitting or standing positions.

The Industrial Commission found as fact that "as a result of his permanent back injury plaintiff is not able to return to his regular chicken catching job." The Commission further found that because of "plaintiff's age, education, background, and work experience with the physical limitations that he has from his chronic pain," plaintiff will not be able to obtain employment. These findings, supported by competent evidence, satisfy the three-part test for disability set out in *Hilliard*, and, despite competent evidence to the contrary, are conclusive on appeal. *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 684.

Finally, we address *ex mero motu* the issue of claimant's counsel's violation of the Rules of Appellate Procedure. In gross violation of N.C.R. App. P. 28(d), counsel attached to claimant's brief lengthy appendices comprised of two complete depositions, a vocational rehabilitation report, and all of the trial exhibits. In a case in which the outcome depended upon the identification of competent evidence supportive of the award in his client's favor, counsel further compounded the problem by referring to a whole appendix, rather than the particular pages that might contain the pertinent evidence. In our discretion, pursuant to Rule 35 of the Appellate Rules, we assess that portion of the costs of the appeal attributable to claimant's appendices to his brief against his counsel, with defendant to bear the remainder of the costs of the appeal.

In the appeal, we hold that there was competent evidence supporting the Industrial Commission's findings of fact and that these findings support the Commission's legal conclusion. We affirm the award.

Affirmed.

Judges JOHNSON and COZORT concur.