DAVID GOFF, Employee, Plaintiff v. FOSTER FORBES GLASS DIVISION, Employer; GALLAGHER BASSETT SERVICES, INCORPORATED, Carrier; Defendants

No. COA99-717

(Filed 19 September 2000)

### 1. Workers' Compensation— causation—work-related accident

There was competent evidence to support the Industrial Commission's findings and conclusions in a workers' compensation case that plaintiff employee's tinnitus and headaches arose out of an injury by accident entitling plaintiff to temporary total benefits and temporary partial disability, including evidence that: (1) plaintiff testified he had not had problems with headaches or ringing in his ears prior to the work-related injury; (2) plaintiff's neurologist testified plaintiff's complaints were consistent with a post-traumatic injury; and (3) other doctors testified it is possible that these injuries stemmed from plaintiff's work-related injury.

### 2. Workers' Compensation— witnesses—right to cross-examine

The Industrial Commission abused its discretion in a workers' compensation case by allowing significant new evidence to be admitted from a doctor's report but denying defendants an opportunity to question the witness doctor, because: (1) the evidence was completely different from any other evidence admitted up to that point in the case, and therefore, the Commission should have allowed defendants the opportunity to attack the probative value of the opinion testimony; and (2) where the Commission allows a party to introduce new evidence which becomes the basis for its opinion and award, it must allow the other party the opportunity to rebut or discredit that evidence.

Appeal by defendants from opinion and award for the Full Commission filed 25 August 1998 and from the amended opinion and award for the Full Commission filed 5 March 1999. Heard in the Court of Appeals 14 August 2000.

*Thomas & Farris, by Eliot F. Smith, for plaintiff-appellee.*

*Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler, for defendant-appellants.*

GOFF v. FOSTER FORBES GLASS DIV.

[140 N.C. App. 130 (2000)]

EAGLES, Chief Judge.

Foster Forbes Glass Division and Gallagher Bassett Services, Inc. (collectively "defendants") appeal from an amended opinion and award of the North Carolina Industrial Commission ("Commission") awarding David Goff ("plaintiff") workers' compensation benefits for his tinnitus, headaches, and depression. Because we conclude that the Commission denied defendants their right to examine Dr. Whitt, upon whose additional report the Commission based its decision, we reverse in part, and remand the case to the Industrial Commission.

Plaintiff began working for defendant in January 1979. At the time of the work-related injury, plaintiff worked as a cold end shift supervisor, and had been so employed for six years. As a shift supervisor, plaintiff was responsible for the equipment on each of six lines, inspecting all production, and supervising the forty employees who run the six production lines. Plaintiff's work area was very noisy and busy at all times.

On 17 May 1995, an automatic palletizer machine experienced problems. Plaintiff climbed the stairs on top of the machine about twenty feet off the ground, lay down on top of the plate and hung his head and shoulders off to reach down. As he did this, he received an electrical shock. He became stunned and "probably lost consciousness." Subsequently he reported to the nurse's office. He remembered having "black vision" and a lack of balance. On 11 July 1995, plaintiff was seen by his family physician for headaches. The family physician referred plaintiff to a psychiatrist for depression. On 12 July 1995, Dr. Whitt, a psychiatrist, saw plaintiff, diagnosed him with depression, and prescribed various medications for him. On 28 July 1995, plaintiff was "written out of work" by Dr. Whitt. Plaintiff remained out of work until 30 September 1995, when Dr. Whitt released him for work. Plaintiff began to receive short-term disability benefits, for his depression, on 27 July 1995 and continued to receive them until he returned to work on 30 September 1995.

Plaintiff continued to experience headaches though August 1995 and was referred to a neurologist, who diagnosed plaintiff with headache syndrome and tinnitus of the left ear. Tinnitus is characterized by continuous ringing in the ears. Still complaining of the headaches and ringing in his ears, plaintiff was further referred to an otorhinolaryngologist. By 22 November 1995, plaintiff could no longer perform his duties because of the increased headaches and tinnitus.

At that time plaintiff began again to receive short-term disability payments and continued to receive them until 8 April 1996, when he began receiving long-term disability.

On 29 January 1998, Deputy Commissioner Taylor filed an opinion and award, determining that plaintiff's depression was not the result of a work related injury, and awarding plaintiff temporary partial disability compensation at a rate of $476.81 per week.

Defendants filed a notice of appeal to the Full Commission on 13 February 1998. The Full Commission filed its opinion and award 25 August 1998, refusing to alter the Deputy Commissioner's opinion and award except for the findings regarding plaintiff's depression. The Full Commission ordered that additional medical evidence was required before a final determination on that issue could be made. The Commission gave the parties sixty days to obtain additional psychological and neurological evaluations of the plaintiff and to submit those records directly to the Commission. Plaintiff was reevaluated by Dr. Whitt on 13 and 14 October 1998, and Dr. Whitt's report, dated 5 November 1998, was submitted directly to the Commission. By letter to the Commission, defendants objected to the 5 November 1998 report on the grounds of hearsay, and requested, in the alternative, that if the Commission found the report to be admissible, the Commission grant the defendants an additional 30 days to submit contentions.

The Commission amended its opinion and award on 5 March 1998 based on Dr. Whitt's report of 5 November 1998, stating:

> 24. Pursuant to the Full Commission's August 25, 1998 Opinion and Award, Dr. Whitt re-evaluated plaintiff on October 13 and 14, 1998. Following this re-evaluation, Dr. Whitt opined that plaintiff's May 17, 1995 work related injury was a significant contributing factor in the exacerbation of plaintiff's depression.

> 25. Based upon the credible medical evidence of record, plaintiff's depression was significantly exacerbated by his May 17, 1995 injury by accident.

Defendant's objection was never addressed by the Commission.

The standard of review for an appeal from an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's find-

GOFF v. FOSTER FORBES GLASS DIV.

[140 N.C. App. 130 (2000)]

ings justify its conclusions of law. *Aaron v. New Fortis Homes, Inc.*, 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997). This is true even when there is evidence that would support contrary findings. *Ross v. Mark's Inc.*, 120 N.C. App. 607, 610, 463 S.E.2d 302, 304 (1995), *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982), *Gilliam v. Perdue Farms*, 112 N.C. App. 535, 536, 435 S.E.2d 780, 781 (1993).

[1] Defendants first challenge the Commission's findings and conclusions that plaintiff's tinnitus and headaches arose out of an injury by accident. In order for plaintiff to recover benefits under the Act, he must show that his injuries resulted from (1) an accident, (2) arising out of his employment, and (3) within the course of his employment. *Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 366, 368 S.E.2d 582, 584 (1988).

Appellants argue that there was no competent evidence presented that the plaintiff's tinnitus and headaches were proximately caused by the 17 May 1995 injury. Defendants contend that the tinnitus and headaches might be the result of an occupational disease, a claim for relief never asserted by the plaintiff. The Full Commission found:

> 19. As a direct and proximate cause of his injury by accident arising out of and in the course of his employment on May 17, 1995, plaintiff suffered severe headaches and severe tinnitus of the left ear.

The plaintiff testified that he had not had problems with headaches or ringing in his ears prior to the 17 May 1995 injury. The plaintiff's neurologist testified that plaintiff's complaints were consistent with a post-traumatic injury. Further, other doctors testified that it is possible that these injuries stemmed from plaintiff's work related injury. We hold that this evidence is sufficient to support the Commission's findings of fact. We also hold the findings of fact support the Commission's holding that plaintiff was entitled to temporary total benefits for the period of 22 November 1995 to 1 November 1996, and temporary partial disability from 1 November 1996.

[2] The defendant also challenges the admissibility of Dr. Whitt's report dated 5 November 1998. The Commission, relying on this report, determined that plaintiff's depression was significantly exacerbated by the electrical shock. The Commission based its award of temporary partial disability benefits on this finding.

We addressed a similar situation in *Allen v. K-Mart*, 137 N.C. App. 298, 528 S.E.2d 60 (2000). There the Commission admitted medical examiners' reports, over objection, without allowing defendants to cross-examine the medical examiners. We held:

> Our courts have long held that "[s]trictly speaking, the rules of evidence applicable in our general courts do not govern the Commission's own administrative fact-finding. . . ." However, the Commission must "conform to court procedure [where] required by statute or to preserve justice and due process." *Haponski v. Constructor's Inc.*, 87 N.C. App. 95, 97, 360 S.E.2d 109, 110 (1987) (citations omitted). It has long been the law in North Carolina that:
>
> > a party to an action or proceeding, either civil or criminal, may elicit from an opposing witness on cross-examination particular facts having a logical tendency to show that the witness is biased against him or his cause, or that the witness is interested adversely to him in the outcome of the litigation.
>
> *State ex rel. Everett v. Hardy*, 65 N.C. App. 350, 352, 309 S.E.2d 280, 282 (1983) (*quoting State v. Hart*, 239 N.C. 709, 711, 80 S.E.2d 901, 903 (1954). Furthermore, Cross-examination of an opposing witness for the purpose of showing his bias or interest is a substantial legal right, which the trial judge can neither abrogate nor abridge to the prejudice of the cross-examining party.

*Allen*, 137 N.C. App. at 303-04, 528 S.E.2d at 64 (citations omitted). In that case, the evidence offered by the additional doctors was completely different from any other evidence admitted up to then. *Id.* Therefore, upon admission of the reports, the "Commission necessarily should have allowed defendants the opportunity to 'attack the probative value of [the] opinion testimony . . . .' " *Thompson v. Lenoir Transfer Co.*, 72 N.C. App. 348, 350, 324 S.E.2d 619, 621 (1985), *Allen v. K-Mart*, 137 N.C. App. at 304, 528 S.E.2d at 64.

Here, the defendants objected to the subsequent report of Dr. Whitt being admitted without the opportunity to question the witness. The Commission, in its finding number 24, clearly states the report dated 5 November 1998, is the sole basis for the Commission's finding of exacerbation. The defense timely objected and requested an opportunity to examine Dr. Whitt with regard to this report. Where the Commission allows a party to introduce new evidence which

becomes the basis for its opinion and award, it must allow the other party the opportunity to rebut or discredit that evidence.

For the foregoing reasons we affirm the opinion and award of the Industrial Commission with regard to plaintiff's headaches and tinnitus. As to the issue of plaintiff's depression, we reverse and remand to the Full Commission for further proceedings consistent with this opinion.

Affirmed in part, reversed and remanded in part.

Judges MARTIN and HORTON concur.