***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner in his awarding of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer.
3. The carrier liable on the risk is American Protection Insurance Company with the claim being administered for the carrier by Key Risk Management Services.
4. The plaintiff's average weekly wage is $248.00, yielding a compensation rate of $165.34.
5. Plaintiff injured her left toe as a result of an accident arising out of her employment on July 1, 1998.
6. Plaintiff was paid temporary total disability benefits for the period March 29, 1999, through April 25, 1999.
7. The parties further stipulated that plaintiff's medical records that consist of records from Carolina Urgent Care, Nash Health Care Systems, Carolina Regional Orthopedics, Wilson Regional MRI, and Matthews Rehabilitation Services are genuine, authentic, relevant, material, and may be received into evidence without further identification.
8. Plaintiff contends that the contested issue before the Commission is whether plaintiff's back injury is related to her original compensable injury.
9. The defendants contend that the contested issue before the Commission is whether plaintiff is entitled to any additional medical compensation.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff suffered an injury by accident on July 1, 1998, when she hit her toe against an iron pole. As a result of that injury, plaintiff's toe was broken.
2. Plaintiff received initial treatment from Robert C. Martin, D.O., and was later referred to David C. Miller, M.D.
3. As of the date of hearing before the Deputy Commissioner, plaintiff still had pain in her toe. She believed that her constant limping caused her to develop pain in her back.
4. Defendants admitted liability for the toe injury and are willing to pay for any required treatment.
5. On March 18, 2002, Dr. Martin rated plaintiff's toe as having a five percent (5%) permanent impairment as a result of the compensable injury.
6. Plaintiff first reported back pain to her physician on February 14, 2000. She believed that her back problems resulted from her constant limping.
7. Although given adequate time to do so, plaintiff failed to take the deposition of Dr. Miller. Instead, plaintiff tendered a letter from Dr. Miller dated January 17, 2002, in which Dr. Miller gave an opinion that an abnormal gait exhibited by a patient could contribute to aggravation of lumbar or low back pain; however, he stated it would be difficult to objectively quantify the degree of aggravation. Dr. Miller further indicated that plaintiff did exhibit underlying pathology in her lumbar studies, as well as complaints of low back pain, and said it was quite possible that the condition of the big toe in causing an unusual or abnormal gate could aggravate plaintiff's back condition.
8. It was error for the Deputy Commissioner to rely upon the letter of Dr. Miller inasmuch as the defendants objected to its admission because they did not have an opportunity to cross-examine Dr. Miller.
 ***********
Based upon the foregoing Findings of Facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's injury to her toe on July 1, 1998, arose out of her employment and is compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to the payment of or reimbursement for all medical expenses incurred or to be incurred by plaintiff for treatment of her toe, within the constraints of N.C. Gen. Stat. §97-25 and caselaw interpreting it.
3. Plaintiff is entitled to compensation at the rate of $165.34 for 7.2 weeks for the 5% rating to her left foot. N.C. Gen. Stat. § 97-31.
4. There is insufficient competent medical evidence of record to make a determination as to whether plaintiff's back condition resulted from an abnormal gait stemming from the injury to her toe.
5. It was plaintiff's burden to schedule medical depositions if she wanted to introduce into evidence any non — stipulated medical records. Russell v. Laboratory Corp. of America, 151 N.C. App. 63,564 S.E.2d 634, disc. rev. denied, 356 N.C. 304, 570 S.E.2d 111 (2002). Furthermore, the stipulated medical records do not set out any opinion by either Dr. Miller, Dr. Martin, or any other doctor as to whether plaintiff's present back pain or complaints are causally related to her July 1, 1998, injury by accident.
6. At the hearing, defense counsel expressly stated that he would not stipulate to the admissibility of Dr. Miller's letter of January 17, 2002. Since defendants did not stipulate to the admissibility of Dr. Miller's letter, and because it would otherwise be inadmissible, Dr. Miller's letter may not be considered by the Commission. Goff v. FosterForbes Glass Division, 140 N.C. App. 130, 535 S.E.2d 602 (2000)
 ***********
Based upon the foregoing, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee hereafter awarded, defendants shall pay to plaintiff compensation at the rate of $165.34 for 7.2 weeks for the 5% rating to her left foot. This compensation shall be paid in a lump sum, with interest thereon at eight (8%) percent per year from January 24, 2002. Defendants shall pay one-fourth (1/4) of the lump sum directly to plaintiff's counsel as a reasonable attorney's fee and shall pay the other three-fourths (3/4) of the lump sum and all of the interest to plaintiff.
2. Defendants shall pay (or reimburse those who paid) for treatment of plaintiff's toe and foot resulting from the injury by accident. Defendants have no obligation with respect to medical treatment for plaintiff's back condition.
3. Plaintiff is not entitled to compensation with respect to her back condition since there was a failure of proof on this issue.
4. Defendants shall pay the costs.
This 19th day of November 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER