RUTH MARIE CLARK RAY, EMPLOYEE, PLAINTIFF v. PET PARLOR, EMPLOYER, AND
STATE AUTOMOBILE INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA03-1600

(Filed 15 March 2005)

**Workers' Compensation— facial disfigurement—Commission's failure to personally view**

The Industrial Commission erred in a workers' compensation case arising out of plaintiff's face injury she sustained from a dog bite arising out of her employment as a dog groomer by awarding plaintiff compensation for facial disfigurement, and the case is remanded for a new hearing and award in accordance with the Commission's rules, because: (1) the Commission failed to personally view plaintiff's disfigurement as required by Rule 701(9) of the Workers' Compensation Rules; (2) the full Commission did not base its findings on competent evidence, but instead relied on the description given by the deputy commissioner and photographs of plaintiff which had been excluded as evidence representative of plaintiff's disfigurement by the deputy commissioner; and (3) the parties did not agree on a description of the disfigurement.

Appeals by plaintiff and defendants from opinion and award entered 1 July 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 January 2005.

*Wayne O. Clontz, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Season D. Atkinson, for defendant-appellants.*

MARTIN, Chief Judge.

Plaintiff filed this workers' compensation claim to recover for an injury to her face, sustained when she suffered a dog bite arising out of her employment as a dog groomer. Defendants admitted compens-

RAY v. PET PARLOR

[169 N.C. App. 236 (2005)]

ability and plaintiff received total temporary compensation while she was out of work and underwent cosmetic surgery "to correct mis-alignment of the vermillion border of plaintiff's upper lip" due to the dog bite. Her plastic surgeon, Dr. Siciliano, determined that she had reached maximum medical improvement on 21 May 2001.

The deputy commissioner found that plaintiff had a permanent scar on her upper lip as a result of the 28 February 2000 compensable injury and that the scar was visible "from a distance of six feet or less." As a result of the scar, plaintiff's philtrum, the area of the upper lip directly in the middle of the nose that extends down to the bottom of the upper lip, is approximately twice the normal width. The deputy commissioner further found that plaintiff was embarrassed and self-conscious about the scar, and that the scar caused her numbness and pain or discomfort. The deputy commissioner determined that:

9. As a direct and proximate consequence of plaintiff's February 28, 2000 compensable injury, plaintiff has sustained serious and permanent facial disfigurement which mars her appearance to such an extent that it may reasonably be presumed to lessen her future opportunities for remunerative employment and so reduce her future earning capacity. The fair and equitable amount of compensation for this loss under the Workers' Compensation Act is $1,450.00.

Based on these findings, plaintiff was awarded compensation for facial disfigurement in the amount of $1,450.00, to be paid in a lump sum, subject to a reasonable attorney's fee of twenty-five percent (25%). Defendants were ordered to "pay all medical[] expenses incurred by plaintiff as a result of this injury by accident" and costs.

Plaintiff appealed the deputy commissioner's award to the Full Commission. Due to a mis-communication by the plaintiff's attorney, "plaintiff was not present at oral arguments" scheduled for 2 December 2002. The Commission specially scheduled a "viewing of the plaintiff" for 7 May 2003, and defendants' counsel appeared but neither plaintiff nor her attorney appeared. Upon being contacted by the Commission, plaintiff's counsel advised that plaintiff could not attend the viewing due to a lack of transportation. Plaintiff's attorney apparently sought "a further continuance" to which defendants objected.

The Commission proceeded to issue its Opinion and Award, determining "that the pictures of plaintiff in evidence and description

RAY v. PET PARLOR

[169 N.C. App. 236 (2005)]

given by the deputy commissioner are sufficient to render a decision in this matter, especially in light of the information from plaintiff's attorney that plaintiff has received subsequently additional facial injuries from an unrelated incident." In the Opinion and Award, the Commission made, almost verbatim, the same findings of fact and conclusions of law made by the deputy commissioner and awarded plaintiff compensation for disfigurement in the amount of $1,450.00, subject to an attorney's fee of twenty-five percent (25%), and ordered defendants to pay all medical expenses incurred by plaintiff as a result of the accident. Both plaintiff and defendants appeal from the award of the Full Commission.

---

On appeal, plaintiff argues that the Commission's monetary award for disfigurement is inconsistent with its findings with respect to the severity of her facial disfigurement. Conversely, defendants contend the Commission erred by (1) granting plaintiff any compensation because the disfigurement is not serious and (2) failing to personally view plaintiff's disfigurement pursuant to Rule 701 (9) of the Workers Compensation Rules.

When reviewing an opinion and award of the Industrial Commission, we determine "(1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000). The Commission performs the "ultimate fact-finding" function under our Workers Compensation Act. *Adams v. AVX Corp.*, 349 N.C. 676, 680-81, 509 S.E.2d 411, 413 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999) and a determination of serious facial disfigurement "is a question of fact to be resolved by the Commission." *Russell v. Laboratory Corp. of Am.*, 151 N.C. App. 63, 68, 564 S.E.2d 634, 638, *disc. review denied*, 356 N.C. 304, 570 S.E.2d 111 (2002). When the Commission's findings are supported by competent evidence, they are conclusive on appeal, *Hedrick v. PPG Industries*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801-02 (1997), and this Court "may set aside a finding of fact only if it lacks evidentiary support." *Holley v. ACTS, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003).

In this case, the Commission did not base its findings on competent evidence; rather, the Commission relied upon the "description given by the deputy commissioner" and photographs of plaintiff which had been excluded as evidence representative of plaintiff's dis-

figurement by the deputy commissioner. Industrial Commission Rule 701 (9) requires that "[a] plaintiff appealing the amount of a disfigurement award shall personally appear before the Full Commission to permit the Full Commission to view the disfigurement." Worker's Comp. R. of N.C. Indus. Comm'n 701 (9), 2003 Ann. R. (N.C.) 844. By simply adopting the facts as found by the deputy commissioner, without viewing plaintiff or having a description of the disfigurement agreed upon by the parties, the Commission has failed to base its factual findings upon competent evidence. Because there was not competent evidence before the Commission on which to base its award, the Full Commission erred in awarding plaintiff compensation for facial disfigurement. Therefore, we must remand this matter to the Commission for a new hearing and award in accordance with the Commission's rules.

Remand for new hearing.

Judges CALABRIA and GEER concur.