SHERYL BOYLAN, Employee, plaintiff v. VERIZON WIRELESS, Employer, SEDGWICK CMS, Carrier, Defendants

No. COA09-350

(Filed 17 November 2009)

## 1. Workers' Compensation— attendant care services—retroactive compensation

The trial court did not err in a workers' compensation case by ordering defendants to pay retroactively for attendant care services provided to plaintiff. N.C.G.S. § 97-90(a) does not require pre-approval of fees charged by health care providers other than physicians, hospitals or other medical facilities.

## 2. Workers' Compensation— attendant care services—medical benefit—supporting evidence

There was competent evidence in a workers' compensation case to support the Industrial Commission's findings and conclusion that plaintiff benefitted medically from attendant care services.

## 3. Workers' Compensation— attendant care services—number of hours required—findings

The findings of the Industrial Commission in a worker's compensation case sufficiently established the number of hours of attendant care required by plaintiff.

**4. Appeal and Error— appealability—workers' compensa- tion—attorney fee award—direct appeal—dismissed**

A workers' compensation issue was dismissed on appeal where the matter involved the reduction of an attorney fee award by the Industrial Commission, plaintiff appealed directly, and N.C.G.S. § 97-90(c) required appeal of the issue to the superior court.

**5. Workers' Compensation— failure to find permanent and total disability—supporting evidence**

There was competent evidence in a workers' compensation case to support the Industrial Commission's findings and conclusion that plaintiff was not permanently and totally disabled.

**6. Workers' Compensation— life care planning—necessity— abuse of discretion standard**

The Industrial Commission did not abuse its discretion by failing to find that plaintiff needed life care planning as a necessary medical treatment. The Commission gave proper consideration to testimony on the subject.

Appeal by defendants and cross-appeal by plaintiff from Opinion and Award entered 9 December 2008 by the North Carolina Industrial Commission. Heard in the Court of Appeals 13 October 2009.

*The Hodgman Law Firm, by Heather Hodgman Jahnes and Robert S. Hodgman, for plaintiff cross-appellant.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Vachelle Willis and Dana C. Moody, for defendant-appellants.*

BRYANT, Judge.

Employer Verizon Wireless, self-insured, and servicing agent Sedgwick CMS, collectively defendants,[1] appeal from an Opinion and Award entered by the North Carolina Industrial Commission granting plaintiff employee Sheryl Boylan an award for a compensable injury. For the reasons stated herein, we affirm in part and dismiss in part.

*Facts*

On 21 July 2003, while working for Verizon Wireless in Greensboro, North Carolina, plaintiff tripped over a box, fell to the

---

1. Though Verizon Wireless is self-insured and Sedgwick CMS, a servicing agent, the caption of the opinion remains in accord with the caption of the Opinion and Award entered by the North Carolina Industrial Commission 9 December 2008.

floor, and injured her back. Verizon Wireless accepted the compensability of the injury. Verizon Wireless was insured by Sedgwick CMS. Defendant filed a Form 60—Employer's Admission of Employee's Right to Compensation—with the Industrial Commission after which defendants paid Boylan total disability compensation at the rate of $370.98 per week.

In December 2003 and in May 2004, MRIs revealed a "small central disc protrusion at L5-S1" in the lumbar spine. Despite a year of treatment, including physical therapy and lumbar injections, plaintiff's pain in her lower back worsened and radiated into her legs.

On 23 August 2004, Dr. Henry Poole, with Carolina Neurosurgery, P.A., diagnosed plaintiff with a degenerative disk at the L5-S1 level and performed a L5-S1 decompression and fusion surgery. Plaintiff continued to suffer pain, weakness, and limited range of motion. She had difficulty maneuvering around her home and suffered frequent falls. Plaintiff was unable to get into or out of a bathtub by herself, dress herself, prepare her own meals, clean, do yard work, run errands or drive herself to medical appointments.

In August 2004, approximately two weeks prior to plaintiff's surgery, her daughter, Misty Boylan, moved from Georgia into plaintiff's house in Staley, North Carolina and assisted with daily living activities. Misty worked outside of her mother's home during the third-shift. During the day, she provided eight-to-nine hours of live-in care: cooking meals, assisting with bathing and hygiene, cleaning, washing clothes, and driving plaintiff on errands and medical appointments. Averaging eight hours per day for seven days a week, the Commission determined that Misty provided fifty-six hours of live-in care per week. In October 2007, Misty moved back to Georgia.

After Misty moved out, plaintiff moved from Staley to Jamestown to be close to her sister, Regina Locklear. Regina checked on plaintiff before going to work in the morning, then returned to stay with plaintiff from 5:30 p.m. to between 8:30 and 9:00 p.m. Regina also stayed with plaintiff most of the weekend. Regina assisted with cooking, cleaning, laundry, and driving. Her husband, Nathan, helped with trash disposal and yard work. The Commission found that Regina and Nathan Locklear provided a combined 32 hours of care per week.

Plaintiff's rehabilitative nurse, Cheryl Yates, was assigned to plaintiff's case in 2004, and being aware of the aid provided by Boylan's family, stated in her deposition that Boylan required some level of assistance in her daily activities.

On 14 September 2006, Dr. Albert K. Bartko, of Carolina Pain Management, specializing in physical medicine and rehabilitation, ordered an assessment of plaintiff's home to determine what modifications could be made to make it handicap accessible. Defendants contested whether the Workers' Compensation Act required that they pay for modifications to plaintiff's home. Plaintiff filed a Form 33, Request that Claim Be Assigned for Hearing.

In a hearing before Deputy Commissioner Bradley W. Houser, held 16 January 2008, plaintiff and defendants identified five issues to be addressed: whether plaintiff was 1) permanently and totally disabled; 2) entitled to receive attendant care services; 3) entitled to compensation for past attendant care services provided by family members; 4) entitled to Life Care Planning; and 5) entitled to have a home modification plan implemented for her home. On 28 April 2008, the deputy commissioner entered an opinion and award stating: defendants were to continue to pay plaintiff total disability compensation at the rate of $370.98 per week; plaintiff was not permanently and totally disabled; plaintiff benefitted medically from prior and future attendant care services provided by her family; defendants were to pay Misty Boylan, Regina Locklear, and Nathan Locklear for their attendant care services provided to plaintiff at a rate of $8.00 hour; defendants were to pay Regina Locklear and Nathan Locklear for subsequent attendant care services provided plaintiff at the rate of $8.00 per hour; and defendants were to pay all related medical expenses incurred or to be incurred as a result of her compensable injury, including treatment and recommendations of Dr. Bartko when such procedures have been approved by the Industrial Commission. Furthermore, an attorney fee of 25% of the compensable award was approved for plaintiff's counsel to be deducted from amounts due plaintiff, Misty, Regina Locklear, and Nathan Locklear. Defendants were to pay all costs. Defendants appealed to the Full Commission; plaintiff cross-appealed.

On 9 December 2008, after reviewing the record, the briefs, and arguments of the parties, the Full Commission (the Commission) affirmed the Opinion and Award of the Deputy Commissioner with certain modifications. In its award, the Commission ordered defendants to continue to pay plaintiff total disability compensation at the rate of $370.98 per week until further order of the Commission; defendants were to pay Misty, Regina Locklear, and Nathan Locklear for attendant care services provided plaintiff through the date of the Commission's Opinion and Award without any deduction for attor-

ney's fees; defendants were to continue to pay Regina Locklear and Nathan Locklear at the rate of $8.00 per hour for up to thirty hours per week—this also was not subject to deduction for attorney's fees; and defendants were ordered to pay for all related medical expenses incurred or to be incurred by plaintiff as a result of her 21 July 2003 compensable injury. The Commission awarded plaintiff attorney fees of 25% of the temporary total disability compensation, and defendants were to pay all costs. Defendants appeal, and plaintiff cross-appeals.

---

Defendants raise the following issues on appeal: whether the Full Commission erred by I) ordering defendants to pay for retroactive attendant care services; II) awarding plaintiff any attendant care services; and III) finding the number of hours of attendant care plaintiff required in the past or requires in the future.

On cross-appeal, plaintiff questions whether the Full Commission erred by IV) disturbing the deputy commissioner's award of attorney's fees; V) concluding that plaintiff was not permanently and totally disabled; and VI) failing to conclude that plaintiff needs life care planning.

*I*

[1] Defendants question whether the Full Commission erred by ordering defendants to pay retroactively for attendant care services provided to plaintiff. Defendants argue that plaintiff never requested prior approval for such services in violation of the fee schedule established by the Industrial Commission pursuant to N.C. Gen. Stat. § 97-26(a) and was therefore not entitled to attendant care benefits. We disagree.

"The standard of review for an appeal from an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000) (citation omitted).

The Workers' Compensation Act, codified under Chapter 97 of our North Carolina General Statutes, states under section 97-90(a),

Fees for attorneys and charges of health care providers for medical compensation under this Article shall be subject to the

approval of the Commission; but no physician or hospital or other medical facilities shall be entitled to collect fees from an employer or insurance carrier until he has made the reports required by the Commission in connection with the case.

N.C. Gen. Stat. § 97-90(a) (2007).

In *Ruiz v. Belk Masonry Co.*, 148 N.C. App. 675, 559 S.E.2d 249 (2002), the plaintiff was injured while employed by the defendants. After a hospital stay, the plaintiff was placed in an outpatient program under the care of his brother and received follow-up treatment with his physician. *Id.* at 676, 559 S.E.2d at 250-51. The Commission awarded the plaintiff benefits for the attendant care his brother provided. On appeal, the defendants contended that attendant care benefits were inappropriate because the plaintiff did not seek prior approval for the care. This Court reasoned as follows:

N.C.G.S. § 97-90(a) does not require pre-approval of fees charged by health care providers, except for physicians, hospitals, or other medical facilities. Plaintiff's brother does not fit into the exceptions for N.C.G.S. § 97-90(a). This interpretation is consistent with our case law, which has allowed compensation to health care providers similar to plaintiff's brother, without the Commission's pre-approval.

*Id.* at 681, 559 S.E.2d at 253-54 (emphasis omitted). On this basis, we upheld the Commission's award of attendant care benefits to the plaintiff. *Id.* at 681, 559 S.E.2d at 254. For the aforementioned reasons, we hold that the Commission did not err by ordering defendants to pay benefits retroactively for attendant care services provided to plaintiff by her family members. Accordingly, defendant's assignment of error is overruled.

*II*

[2] Next, defendants argue that the Commission erred by awarding plaintiff attendant care services as there was no competent medical evidence demonstrating that these services were necessary to effect a cure, provide relief, or lessen the period of plaintiff's disability. We disagree.

Under North Carolina General Statutes, section 97-2(19),

The term "medical compensation" means medical, surgical, hospital, nursing, and rehabilitative services, and medicines, sick travel, and other treatment, including medical and surgical sup-

plies, as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability . . . .

N.C. Gen. Stat. § 97-2(19) (2007).

In *Ruiz*, the defendants argued that the Commission's finding that the defendants failed to provide the plaintiff with needed attendant care was not supported by competent evidence. The Commission found that the plaintiff's brother, who was not identified as having medical training, "indicated that [the] plaintiff cannot take care of himself. [The plaintiff's brother] has to cook, clean, wash, shop, and pay bills, among other things, for [the] plaintiff. He turns on [the] plaintiff's shower and has to assist [the] plaintiff into the shower." *Ruiz*, 148 N.C. App. at 680, 559 S.E.2d at 253. Moreover,

[A] registered nurse with a Master's Degree in health administration who also is a certified life planner, drafted a life care plan for [the] plaintiff . . . . As a part of this plan, she indicated that [the] plaintiff would need attendant care for the remainder of his life. [The plaintiff's brother] has been providing care to [the] plaintiff but will be unable to continue if he is not paid.

*Id.* This Court held that there was competent evidence to support the Commission's findings of fact that the plaintiff was in need of attendant care.

Here, the Commission made the following findings of fact:

4. Subsequent to her surgery, Plaintiff continued to experience significant pain as the result of her admittedly compensable injury by accident and has been prescribed pain medications. . . .

5. In addition to her ongoing pain, Plaintiff experiences weakness and has a limited range of motion as the result of her injury by accident. . . .

6. As a result of her injury by accident, Plaintiff has difficulty maneuvering around her home and frequently falls. Plaintiff is unable to get in and out of her bathtub by herself, dress herself, prepare her own meals, clean, perform yard work, retrieve her mail, or drive for errands or medical appointments.

. . .

9. The assistance provided to Plaintiff by her daughter[, Misty Boylan,] included cooking meals, assisting with bathing and hygiene, cleaning the home, washing clothes, and driving Plaintiff on errands and to medical appointments and the pharmacy.

. . .

12. Ms. Locklear assists Plaintiff with cooking, cleaning, laundry, and driving . . . as needed. Ms. Locklear's husband, Mr. Nathan Locklear, performs Plaintiff's trash disposal and yard work. . . .

13. Plaintiff's rehabilitation nurse, Ms. Cheryl Yates, was assigned to Plaintiff's case in 2004. Since that time, Ms. Yates has been aware that members of Plaintiff's family have assisted her in performing daily living activities. Ms. Yates opined that due to her current physical condition, Plaintiff needs some level of assistance in the performance of her daily living activities.

The Commission concluded that "[t]here is sufficient credible evidence of record upon which to conclude that Plaintiff benefited [sic] medically from the attendant care services provided to her by Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear." Upon review of the record, we hold there exists competent evidence to support the Commission's findings, and the findings support its conclusions of law. Accordingly, defendants' assignments of error are overruled.

*III*

**[3]** Next, defendants argue that there is no competent evidence in the record to support the Commission's findings of fact as to the number of hours of attendant care plaintiff required in the past and requires in the future. Defendants argue that there is no competent evidence in the record to support a finding that plaintiff required attendant care to the extent provided by her family. We disagree.

Here, the Commission made the following findings of fact:

10. Based upon eight hours of care per day, seven days a week, Ms. Misty Boylan provided Plaintiff 56 hours of care per week during the period of August 23, 2004 to October 2007.

. . .

BOYLAN v. VERIZON WIRELESS

[201 N.C. App. 81 (2009)]

12. Combined, Ms. Regina Locklear and Mr. Nathan Locklear have provided 32 hours of care per week, based upon four hours of care during the weekdays and six hours per day on weekends, since October 2007.

. . .

13. Ms. Yates [plaintiff's rehabilitative nurse] opined that due to her current physical condition, Plaintiff needs some level of assistance in the performance of her daily living activities.

. . .

15. [T]here is sufficient credible evidence of record upon which to find that Plaintiff benefited [sic] medically from the attendant care services provided to her by Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear.

16. [T]here is sufficient credible evidence of record upon which to find that Plaintiff would benefit medically from ongoing attendant care services to be provided by Ms. Regina Locklear and Mr. Nathan Locklear for her activities of daily living.

We note that the Commission also found that "[o]n April 30, 2007, Dr. Bartko recommended that Plaintiff be evaluated by an occupational therapist regarding her need for assistance with the activities of daily living. As of the date of the decision by the Deputy Commissioner, this evaluation had not been performed." We hold that the Commission's findings of fact sufficiently establish the number of hours of attendant care plaintiff required in the past and reasonably will require in the future. Accordingly, we overrule defendants' assignment of error.

*IV*

[4] Next, on cross-appeal, plaintiff argues that the Commission abused its discretion in disturbing an award of attorney's fees. We dismiss this assignment of error.

Section 97-90(c) first sets the procedure for appealing attorney fee awards where there is a fee agreement, and then addresses appeals in all other cases. Where an attorney has a fee agreement under the Worker's Compensation Act, and the Commission finds the fee agreement unreasonable, the attorney may, "appeal to the senior resident judge of the superior court in the county in which the cause

of action arose or in which the claimant resides" where the superior court shall "determine in his discretion the reasonableness of said agreement or fix the fee . . . ." N.C.G.S. § 97-90(c) (2007). Where the attorney has no agreement for compensation and yet disputes the fee awarded by the Commission, the attorney may "appeal to the senior resident judge of the superior court of the district of the county in which the cause arose or in which the claimant resides . . . ." N.C.G.S. § 97-90(c).

In *Davis v. Trus Joist MacMillan*, 148 N.C. App. 248, 558 S.E.2d 210 (2002), this Court considered whether the Commission abused its discretion in reducing a deputy commissioner's attorney fee award. The Full Commission reduced the award set by the deputy commissioner, and the plaintiff appealed to this Court. We held that "[b]ecause any dispute as to attorney's fees must be appealed according to the procedures set out in section 97-90(c), we are without jurisdiction to hear the issue and must dismiss the appeal . . . ." *Id.* at 255, 558 S.E.2d at 215.

Here, as in *Davis*, the attorney fee award set by the deputy commissioner was not a ground on which the appeal to the Full Commission was based; however, the Commission reduced the attorney fee award. Plaintiff appeals directly to this Court. Section 97-90(c) requires appeal of this issue to the senior resident superior court judge of the district of the county in which the cause arose or in which the claimant resides. *See* N.C.G.S. 97-90(c) (2007). Therefore, pursuant to *Davis*, we are without jurisdiction to hear the issue and must dismiss this assignment of error. *See Davis*, 148 N.C. App. 248, 558 S.E.2d 210.

V

[5] Next, plaintiff argues that the Commission erred by failing to conclude that plaintiff is permanently and totally disabled. We disagree.

"In passing upon issues of fact, the Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. . . . The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there be evidence to support a contrary finding." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683-84 (1982) (internal citations omitted).

"An employee injured in the course of his employment is disabled under the [Workers' Compensation] Act if the injury results in an

incapacity . . . to earn the wages which the employee was receiving at the time of injury in the same or any other employment." *Russell v. Lowes Prod. Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citation omitted). "In workers' compensation cases, a claimant ordinarily has the burden of proving both the existence of his disability and its degree." *Hilliard*, 305 N.C. at 595, 290 S.E.2d at 683 (citation omitted).

> The employee may meet this burden in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457 (internal citations omitted).

Here, the deputy commissioner and the Full Commission considered the deposition testimony of Dr. Otis Delano Curling, Jr., tendered as an expert in neurosurgery. Dr. Curling testified that he examined plaintiff on 15 July 2004 and again on 13 September 2006. At the time of his examinations, Dr. Curling did not believe plaintiff to be at maximum medical improvement. He further testified to his belief that she was capable of sedentary work. Plaintiff testified before the deputy commissioner that she was fifty years of age, had graduated from high school, and that prior to working for Verizon Wireless she was employed as a receptionist. The Commission made the following finding of fact: "Based upon the totality of the credible evidence of record, and upon Plaintiff's age, education and vocational history, the Full Commission finds that Plaintiff is not permanently and totally disabled." The Commission concluded that "[b]ased upon the totality of the credible evidence of record, and upon Plaintiff's age, education, and vocational history, Plaintiff is not permanently and totally disabled." We hold that the record contains competent evidence to support the Commission's finding of fact which in turn supports its conclusion of law. Accordingly, plaintiff's assignment of error is overruled.

*VI*

**[6]** Last, plaintiff argues that the Commission abused its discretion by failing to find that plaintiff needs life care planning as a necessary medical treatment. We disagree.

> Under North Carolina General Statutes, section 97-25,

> In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital, or other treatment, the Industrial Commission may order such further treatments as may in the discretion of the Commission be necessary.

> The Commission may at any time upon the request of an employee order a change of treatment and designate other treatment suggested by the injured employee subject to the approval of the Commission . . . .

N.C. Gen. Stat. § 97-25 (2007).

> The determination of what treatment is appropriate for a particular employee is a matter within the exclusive jurisdiction of the Full Commission. The Full Commission is not required to make exhaustive findings as to each statement made by any given witness or make findings rejecting specific evidence. The factual findings are sufficient so long as this Court can reasonably infer that the Full Commission gave proper consideration to all relevant testimony.

*Scarboro v. Emery Worldwide Freight Corp.*, —— N.C. App. ——, ——, 665 S.E.2d 781, 785 (2008) (internal citations, quotations, and brackets omitted).

> Here, during his deposition, Dr. Bartko testified as follows:

> Counsel: If we were seeking to determine [plaintiff's] needs in terms of her future demands or needs for assistance in the future, both physically, psychologically, and from a safety standpoint, would it be appropriate to have an evaluation by a lifecare planner of all of those needs?

> Bartko:  Yes.

> Counsel: Would you be willing to make that recommendation?

> Bartko:  Sure.

The Commission made the following findings of fact:

18. At Dr. Bartko's deposition, Plaintiff's counsel asked whether Dr. Bartko would recommend an evaluation by a life care planner if the parties were seeking to determine her future needs for assistance. Dr. Barkto responded that he would.

. . .

20. The Full Commission finds that there was insufficient evidence to establish that the development of a life care plan is necessary in this case or that Defendants should be ordered to provide one for Plaintiff.

From these findings, we can reasonably infer that the Commission gave proper consideration to Dr. Bartko's testimony regarding life care planning; therefore, the Commission's findings of fact with regard to life care planning for plaintiff are deemed sufficient. Accordingly, plaintiff's assignments of error are overruled.

Affirmed in part; dismissed in part.

Judges WYNN and McGEE concur.